30 C.C.P.A. (Patents)
In re LAMSON & CO., Inc.
Patent Appeal No. 4687.

Court of Customs and Patent Appeals.
May 3, 1943.

1022

Mason, Fenwick & Lawrence, of Washington, D. C. (Edward G. Fenwick, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-Marks denying the application of appellant for registration, under the Trade-Mark Act of 1905, 15 U.S.C.A. § 81 et seq., of the notation "Elmwood Farm" as a trade-mark for "Canned Chicken, Egg Noodles and Chicken, Chicken a La King, Chicken Fricassee, Chicken Shortcake, Sandwich Spread, Chicken Broth, Chicken Soup with Noodles, and Chicken in Glass."

The basis of the rejection is that the term "Elmwood," which was held to be the dominant feature of the mark, is merely a geographical name and hence falls within the inhibition of the language in the second proviso of section 5 of the 1905 Trade-Mark Act which reads, "That no mark which consists * * * of * * * merely a geographical name or term, shall be registered under the terms of this Act." 15 U.S.C.A. § 85.

The examiner, after holding "Elmwood" to be the dominating feature of the mark, said: "Elmwood as a single word is geographical being the name of several towns, one of which is incorporated and located in Hartford County, Connecticut." And added: "Further, the word 'Farm' is considered to be publici juris, and has been so construed by this Office. When the word 'Farm' has been presented associated with a geographical term, such marks have been registered under the Act of 1920."

The finding of fact as to "Elmwood" being the name of a number of towns is not disputed by appellant, but it is insisted, first, that the commissioner erred in dissecting the mark "and refusing registration by reason of the alleged geographical character of the word Elmwood," and, second, "in holding that the word Elmwood is merely geographical within the meaning of the Trade-mark Statute."

In his decision the commissioner said, inter alia: "There are a few old cases, some of which are cited in the brief, lending support to the argument that the association of an arbitrary term with a geographical word results in a combination which is not 'merely' geographical, within the meaning of the statute, and that such a mark may be registered."

He then pointed out, quoting from the statute, that geographical words and descriptive words are placed in precisely the same category with respect to registration "so that the question of their registrability is necessarily governed by the same considerations" and cited the decision of this court in the case of In re American Cyanamid & Chemical Corporation, 99 F.2d 964, 26 C.C.P.A., Patents, 712, as containing "a complete answer to applicant's argument."

In that case the applicant sought to register, under the act of 1905, the notation "Gypsteel gypsum Plank" as a trade-mark for reinforced slabs composed of cementitious material. The word "gypsum" was disclaimed in the application but the applicant declined to acquiesce in the requirement that the word "Plank" be disclaimed also. The applicant there not only insisted that "Plank" was not "merely descriptive," but that the question of its descriptiveness standing alone was not at issue. In other words, it was contended that in order to fall within the inhibition of the statute it was required that the composite mark taken as a whole must be found to be merely descriptive and that since "Gypsteel" was not descriptive (and was the subject of another registration) no such finding was tenable.

In our decision we cited and reviewed many cases, found, for the reasons stated, that the word "Plank" was descriptive of the applicant's product and sustained the

action of the commissioner in denying the registration sought.

We agree with the commissioner's construction of the statute, as stated above, to the effect that geographical words and descriptive marks are in the same category with respect to registrability. This is clear, as appears from the language reading: "That no mark which consists merely * * * in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered under the terms of this Act."

No question relating to disclaimer is involved here, since appellant did not disclaim any part of the mark, but, in view of the character and meaning of the word "Farm," we agree with the holding of the commissioner to the effect that a disclaimer of that portion of the mark would not affect the situation here because "Elmwood" is clearly the dominant part of the mark.

So, the only question is whether the term "Elmwood" is merely geographic. Appellant contends that it "clearly has a meaning entirely independent of and predominating over any geographical significance that it may have. The word is obviously a combination of two accepted dictionary words, Elm and Wood, and particularly as used in association with the word Farm, the word Elmwood carries the idea of these constituent words Elm and Wood."

Appellant itself thus dissected the dominant part of its mark.

The commissioner said: "Applicant suggests that 'Elmwood' is not 'merely' geographical, because it is formed by combining the two words 'elm' and 'wood,' and hence means the wood of the elm tree. So far as I am aware, however, the single word is never used in that sense, and possesses none other than a geographical significance."

We agree with the finding so made.

The several cases cited in the brief filed on behalf of appellant have been examined, but we find nothing in them which would, in our opinion, justify a conclusion different from that reached by the commissioner, which is particularly in accord with the reasoning in numerous decisions made during comparatively recent years.

One of the cases referred to in appellant's brief is that of In re Plymouth Motor Corporation, 46 F.2d 211, 18 C.C.P.A., Patents, 838, in the decision of which this court indicated that the term "Plymouth" had acquired a secondary meaning which rendered it something more than a "merely geographic" word. Our grant of the application there, however, did not rest upon that suggestion alone, and in the later case of In re Canada Dry Ginger Ale, Inc., 86 F.2d 830, 24 C.C.P.A., Patents, 804, we overruled the decision in the Plymouth Motor Corp. case, supra, so far as it rested in any part upon the matter of secondary meaning, or was inconsistent with a decision of ours in the case of Barber-Colman Co. v. Overhead Door Corporation, 65 F. 2d 147, 20 C.C.P.A., Patents, 1118.

We have deemed it proper to again direct attention to the foregoing decisions (they have been recited in other cases) to the end that those interested may understand that what was said with respect to "secondary meaning" in the Plymouth Motor Corp. case, supra, is not to be relied upon as a basis for securing the registration of trade-marks under the act of 1905.

In the instant case the decision of the Commissioner of Patents is affirmed.

Affirmed.