33 C.C.P.A.(Patents)

### Application of WESTGATE SEA PRODUCTS CO.

Patent Appeal No. 5140.

Court of Customs and Patent Appeals.
April 1, 1946.

O'CONNELL, Associate Judge, dissenting.

---

Jackson, Webster & Read, of Washington, D. C., William G. Mackay, of San Francisco, Cal., and Chas. R. Allen, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

The Commissioner of Patents affirmed, 63 USPQ 152, a decision of the Examiner of Trade-Marks rejecting the application of appellant for registration of the trade-mark "Westgate," applied to canned fish, Serial No. 459,971, filed April 17, 1943, in accordance with the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq. From that decision this appeal was taken.

The examiner in his statement refused registration on the ground that the mark sought to be registered is geographical in that it is the name of "inconsequential" towns in Iowa, Kansas and England, and because it is a surname not distinctively displayed, being found in the telephone directories of Chicago and New York, and for the further reason that the mark is confusingly similar to a registered mark "Westgate" as applied to flour.

The commissioner in his decision disapproved the examiner's holding with respect to the reference. The commissioner pointed out that the owner of that registration expressly agreed to the registration of the mark of appellant, and also expressed his doubts as to whether flour, to which the registration was applied, and canned fish, to which appellant's trade-mark is applied, are of the same descriptive properties. Otherwise the decision of the examiner was affirmed.

It appears that appellant had previously registered the mark "Westgate" as applied to canned fish but neglected to renew the the registration within the prescribed period.

Appellant in its reasons of appeal alleged that the commissioner erred in affirming the decision of the examiner in holding that the mark sought to be registered is merely geographic and merely the name of an individual, and in failing to consider that appellant was the owner of an expired registration as aforesaid.

Appellant contends that his trade-mark is an arbitrary expression and is to be regarded in all respects as such. It does not deny that the word "Westgate" is the name of towns or that it is the name of individuals found in the telephone directories above referred to.

The Examiner of Trade-Marks, with respect to the first rejection, relied on the case of In re Lamson & Co., Inc., etc., 135 F.2d 1021, 30 C.C.P.A., Patents, 1030, wherein we held the name "Elmwood" to be geographical over the contention of the appellant that because that word was composed of the two words "elm" and "wood" it should not be considered as geographical. In that case it appeared, as it does here, that the two words making up the combination of the term sought to be registered lost their individual significance when made into a single word.

It seems to us that the reasoning of the Lamson case is controlling on the contention made here, for the reason that Westgate is a geographical word even though it is the name of inconsequential towns. The provisions of the Trade-Mark Act of February 20, 1905, draw no distinction as to the size of towns, and therefore we do not deem it incumbent upon us to draw a line with respect to the general knowledge or size of cities, towns or villages. We think that if Congress had intended any such distinction to be made it would have so expressed itself.

There is a decided difference between the word Westgate and the two words West and Gate, and we are of opinion that the contention of appellant that joining those two words together gives no different meaning than if used apart is not tenable.

For the reasons heretofore stated, it is not necessary to discuss any other ground given for the refusal to register.

The decision of the commissioner is affirmed.

Affirmed.

O'CONNELL, Associate Judge, dissents.