David R. RUIZ et al.,
Plaintiffs-Appellees,

United States of America,
Plaintiff-Intervenor-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections, et al.,
Defendants-Appellants.

No. 77-2859.

United States Court of Appeals,
Fifth Circuit.

Jan. 2, 1980.

John L. Hill, Atty. Gen., Richel Rivers, David M. Kendall, Jr., Joe B. Dibrell, Asst. Attys. Gen., Ed Idar, Sp. Asst. Atty. Gen., Austin, Tex., Harry Walsh, Asst. Atty. Gen., Huntsville, Tex., for defendants-appellants.

John H. Hannah, Jr., U. S. Atty., Tyler, Tex., John C. Hammock, Walter W. Barnett, Drew S. Days, III, Asst. Atty. Gen., Vincent F. O'Rourke, Jr., Civ. Rights Div., U. S. Dept. of Justice, Washington, D.C., Joel Berger, New York City, William Bennett Turner, San Francisco, Cal., Stanley A. Bass, New York City, for plaintiffs-appellees.

Before JONES, BROWN and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The State of Texas and its Director of Corrections appeal an award of attorney's fees made in a class action by prisoner-representatives of prisoners confined in the Texas state prison system. Upon withdrawal of one of their attorneys from the case, the plaintiffs sought to recover from defendants the attorney's fees for (a) obtaining and enforcing orders issued by the district court for the protection of the plaintiffs and the class pendente lite; (b) obtaining certification of the class; and (c) opposing defendants' motion to dismiss the United States from the action. The court awarded fees for these services pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, and the defendants promptly appealed without seeking certification for interlocutory review. See 28 U.S.C. § 1292(b). At the time of the award the case had not yet gone to trial; it has since been heard on the merits but not yet decided.

Circuit courts have jurisdiction of appeals from "all final decisions of the district courts of the United States," 28 U.S.C. § 1291. Because the order is patently not yet final in the sense that it disposes of the litigation, we would have authority to consider an appeal from it only if jurisdiction could be established under the collateral order doctrine which treats certain rulings

made pendente lite as final orders. The doctrine was established by the decision in *Cohen v. Beneficial Industrial Loan Co.,* 1949, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, where the court allowed an appeal from an order denying defendants' motion to force plaintiffs to post bond in a stockholders derivative suit. State law provided that the bond was required to ensure the payment of defendants' costs of suit if the suit were unsuccessful. The Supreme Court held that the order was appealable because it finally determined a claim "separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225–26, 93 L.Ed. at 1536.

After this birth the *Cohen* doctrine, spawned by a desire to avoid the rigidity of the final judgment rule and nurtured by the maternal tendency of appellate courts to protect youthful litigation from early trauma, grew to a strapping youth that threatened to master the statute of its genesis. Many appellate decisions pointed toward the destruction of a genuine finality rule, to be supplanted by "an ad hoc balancing of the needs and perils of review on a case-by-case basis." 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3913, at 524 (1976). However, appellate courts have recently evidenced a tendency toward less interlocutory cosseting. *E. g., Akerly v. Red Barn System, Inc.,* 3 Cir. 1977, 551 F.2d 539, 543; *see* 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3911 n.29 (Supp. 1979).

Part of this hesitancy to expand the *Cohen* doctrine further stems from the availability of other means by which some interlocutory orders may be reviewed. Title 28, Section 1292(b) of the U.S. Code allows appeal from an interlocutory order if the district court certifies that the order involves a controlling and unsettled question of law the resolution of which may materially advance the ultimate termination of the litigation. *See also* Fed.R.Civ.P. 54(b).

The decision in *Coopers & Lybrand v. Livesay,* 1978, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351, gives us the principle to follow. *Coopers* explicitly interred the "death knell doctrine," itself an unruly child of the *Cohen* doctrine.[1] In doing so, the Supreme Court explained the prerequisite of appealability under the *Cohen* doctrine: "[T]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Id.* at 468, 98 S.Ct. at 2458, 57 L.Ed.2d at 357–358 (footnote omitted). The Court reiterated its position that the wisdom of the final judgment rule is a matter for Congress, not the courts. *Id.* at 476 & n.28, 98 S.Ct. at 2462 & n.28, 57 L.Ed.2d at 362 & n.28.

The attorney's fee order here did not conclusively determine the issue; it was manifestly subject to later reconsideration by the court. Counsel in whose favor the award was made has now returned to the litigation and participated in the trial on the merits. All of the parties agree that at least some components of the award are subject to reconsideration on determination of the merits, e. g. services rendered incident to class certification. Moreover, all of the issues affecting the propriety of the award may appropriately be reviewed after the final judgment is rendered.

We need not consider whether or not the award would be appealable if the defendant had alleged and proved that the mere payment of the fees would make them unrecoverable. In that situation the order at issue might be both conclusive and unreviewable as a practical matter, whatever might be the legal theory, and, in consequence, the

---

1. Using that colorful appellation to describe an order refusing to certify a class action, various circuit courts had considered such orders reviewable as final although pendente lite. *Coopers & Lybrand v. Livesay,* 1978, 437 U.S. 463, 465 n.2, 98 S.Ct. 2454, 2456 n.2, 57 L.Ed.2d 351, 355 n.2. It was this practice that the Supreme Court explicitly condemned in *Coopers & Lybrand.*

appellants might be in danger of irreparable harm. *See* 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3911, at 477 (1976). The defendants have made no such suggestion here. Furthermore, counsel for plaintiffs stated unequivocally during oral argument that, should the fees awarded be paid and should the court later decide that all or part of the amount paid was not due, the appropriate amount would be refunded. He offered to provide a bond as security for performance of this undertaking.[2]

This case reaches us in a very different posture from that presented to the Supreme Court in *Trustees of Internal Improvement Fund v. Greenough*, 1882, 105 U.S. 527, 26 L.Ed. 1157. There the litigation was substantially completed when the appeal of attorney's fees was taken, as it also was in *Angoff v. Goldfine*, 1 Cir. 1959, 270 F.2d 185. *Cf. Swanson v. American Consumer Industries, Inc.*, 7 Cir. 1975, 517 F.2d 555 (an issue different from the one at bar). On the other hand, in *Alart Associates, Inc. v. Aptaker*, 2 Cir. 1968, 402 F.2d 779, an order awarding attorney's fees was held not appealable for the same reasons we deem the present order not now reviewable.

For these reasons, the appeal is DISMISSED.

---

2. No such offer was made in *Eisen v. Carlisle & Jacquelin*, 1974, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732, which allowed an appeal from an order imposing on defendants most of the cost of notifying the plaintiff class at the outset of a class action suit. With regard to *Eisen*, Professors Wright, Miller and Cooper suggest that "[a]lthough the passage applying the *[Cohen]* tests to this order did not mention it, it could easily be concluded that as in *Cohen*, defendants might not have an effective remedy to recover their share of the costs, estimated at nearly $20,000, on appeal from a truly final judgment." 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3911, at 476 (1976). The approach we adopt here follows the directive in *Cohen*: "The Court has long given this provision of the statute . . . [a] practical rather than a technical construction." *Cohen v. Beneficial Industrial Loan Corp.*, 1949, 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528, 1536.