676 F.2d 893
 George H. HASTINGS and Jeanne Hastings, for themselves and
on behalf of their minor child, George J.
Hastings, Plaintiffs-Appellees,
v.
MAINE-ENDWELL CENTRAL SCHOOL DISTRICT, NEW YORK, et al.,
Defendants-Appellants.
 No. 786, Docket 81-7767.
 United States Court of Appeals,
Second Circuit.
 Argued March 12, 1982.
Decided April 6, 1982.
 
 Edward J. Sarzynski, Binghamton, N. Y. (Hogan & Sarzynski, Binghamton, N. Y., on the brief), for defendants-appellants.
 Ronald R. Benjamin, Binghamton, N. Y., for plaintiffs-appellees.
 Before TIMBERS, KEARSE, and CARDAMONE, Circuit Judges.
 KEARSE, Circuit Judge:
 
 
 1
 Maine-Endwell Central School District ("School District"), one of the defendants in this action, appeals from an order of the United States District Court for the Northern District of New York, Howard G. Munson, Chief Judge, dated October 9, 1981, as modified by order dated October 23, 1981 (together the "October Order"), directing the School District to pay interim attorney's fees to the plaintiffs, George H. Hastings and Jeanne Hastings, parents of a handicapped child, on the basis of their successful motion for a preliminary injunction in the present action. The present action was begun in 1980 under 42 U.S.C. § 1983 (Supp. III 1979) as a suit for damages alleging a deprivation of plaintiffs' rights under the Due Process Clause of the Constitution and the Education of the Handicapped Act, as amended, 20 U.S.C. §§ 1401-1461 (1976 & Supp. III 1979) ("EHA"). In August 1981, plaintiffs moved for and obtained preliminary injunctive relief on the basis of the circumstances then existing. The court's injunctive order, dated August 25, 1981, observed that plaintiffs had just won, in an administrative proceeding, a certain level of rehabilitation services from the School District under the EHA and that the School District had declined to pursue an administrative appeal; the injunction prohibited the School District from immediately commencing a new review of the level of rehabilitation services won by plaintiffs, on the ground that the defendants' planned immediate review violated plaintiffs' rights to due process. The injunction was affirmed on appeal. Hastings v. Maine-Endwell Central School District, No. 81-7687 (2d Cir. Nov. 16, 1981) ("Hastings I "). On August 31, 1981, following issuance of the injunction, plaintiffs moved, pursuant to 42 U.S.C. § 1988 (1978), as amended by Equal Access to Justice Act, Pub.L.No.96-481, § 205(c), 94 Stat. 2330 (1980),[1] for an interim award of attorney's fees on the basis of their successful motion for preliminary injunctive relief. The district court granted this motion in an order dated October 9, 1981, and modified its order on October 23, 1981, to clarify that only the School District, and not the individual defendants associated with it, was required to pay the interim attorney's fees. The School District has appealed the district court's October Order, asserting a variety of claims of error, all of which appear to be frivolous. We dismiss the appeal for lack of jurisdiction and suggest that the district court (1) award costs and attorney's fees to plaintiffs in connection with this abortive appeal, and (2) consider whether to require that such costs and fees be paid by the School District's attorney, Edward J. Sarzynski, personally.[2]
 
 Appellate Jurisdiction
 
 2
 In a civil action such as this, a federal court of appeals has jurisdiction to review three types of orders: (1) final orders, pursuant to 28 U.S.C. § 1291 (1976),[3] (2) interlocutory orders granting (or denying or modifying, etc.) injunctions, pursuant to 28 U.S.C. § 1292(a)(1) (1976),[4] and (3) certain other interlocutory orders, if certified pursuant to 28 U.S.C. § 1292(b) (1976).[5] The October Order is not in any of these categories.
 
 
 3
 Under § 1291, we have jurisdiction to review "all final decisions of the district courts." The October Order is not final in the sense that it disposes of the litigation; the plaintiffs' claim for damages is still pending in the district court. The order is not even final on the issue of attorney's fees, for the total amount of fees to be awarded is subject to review by the district court when it renders its final judgment. If we are to have appellate jurisdiction under § 1291, therefore, the order must fall within the "collateral order" doctrine articulated by the Supreme Court in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under that doctrine, a small class of orders "which finally determine claims of right separable from, and collateral to, rights asserted in the action," and which are too important and too independent of the cause itself to be denied immediate review, may be appealed under § 1291 before final judgment is entered. Id. at 546, 69 S.Ct. at 1225. See also Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) ("(T)he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.") (footnote omitted). The October Order fails to meet two of these requirements. Although the plaintiffs' claim for attorney's fees is separate from their claims on the merits, see White v. New Hampshire Department of Employment Security, --- U.S. ----, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982) (final award of attorney's fees independent of final judgment), the October Order does not determine the claim for attorney's fees with finality. To date, only interim fees have been awarded. It is entirely possible that the district court will award further interim fees during the course of the district court proceeding, and it may adjust all of these in its final award. More significantly, the October Order is not too important to be denied immediate review, for there is no reason that it cannot adequately be reviewed on an appeal from a final judgment. Only the payment of money is required, and the School District has not shown, nor even suggested, that the money would not be repaid to it in the event that it ultimately succeeded in having the award set aside on an appeal from a final judgment. We thus conclude that the order for interim attorney's fees is not appealable under § 1291. Ruiz v. Estelle, 609 F.2d 118 (5th Cir. 1980); cf. Alart Associates v. Aptaker, 402 F.2d 779 (2d Cir. 1968) (order denying summary judgment and awarding attorney's fees not appealable).
 
 
 4
 Under § 1292(a)(1), we have jurisdiction to review an interlocutory order of the district court granting an injunction. The order that the School Board pay attorney's fees is not an injunctive order within the meaning of § 1292(a)(1). See United States v. Bedford Associates, 618 F.2d 904, 915 (2d Cir. 1980) ("As a general matter we have read § 1292(a)(1) as allowing the aggrieved party to appeal from injunctive orders which give, or aid in giving, substantive relief sought in the lawsuit, in order to preserve the status quo pending trial."). Nor does the fact that the October Order was based on the preliminary injunction make it appealable under § 1292(a)(1) as ancillary to the injunctive relief awarded. The motion for fees was not made until after the injunction had been granted, and the award of fees was not part of the order granting injunctive relief. Even if the injunctive relief and the interim fees had been granted as parts of the same order, the fees award would not properly have been regarded as part of the injunction, for the two are independent of each other. See White v. New Hampshire Department of Employment Security, supra.
 
 
 5
 Finally, under § 1292(b), we may, in our discretion, permit an appeal to be taken from an interlocutory order when the district court has certified "that (the) order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The district court has not provided such a certificate in this case, nor could it properly have done so since the award of fees does not present a "controlling question of law," and since an immediate appeal would not "materially advance the ultimate termination of the litigation."
 
 
 6
 In sum, there is no jurisdictional basis for the present appeal.
 
 Costs of this Appeal
 
 7
 Under 42 U.S.C. § 1988, the prevailing party on an appeal in an action brought under § 1983 is entitled to an award of attorneys fees in connection with the appeal. E.g., Cohen v. West Haven Board of Police Commissioners, 638 F.2d 496, 506 (2d Cir. 1981). We interpret this provision to authorize an award of fees to a party who has prevailed by means of a dismissal of the appeal as well as to one who has prevailed by affirmance. We have not specified an award of attorney's fees under § 1988, either on this appeal or in our affirmance in Hastings I. The district court, however, has jurisdiction to award plaintiffs attorney's fees for their attorney's successful appellate efforts, Bond v. Stanton, 630 F.2d 1231, 1234 (7th Cir. 1980); Kingsville Independent School District v. Cooper, 611 F.2d 1109, 1114 (5th Cir. 1980), and it should, at such time as it considers appropriate, award attorney's fees to plaintiffs as the prevailing parties in both appeals.
 
 
 8
 Under normal circumstances, we would not address the merits of an appeal after having determined that we lack jurisdiction to decide those merits. In the present case, however, we are constrained to note that the principal arguments advanced by the School District on appeal are so baseless as to compel the inference that the appeal has been interposed only for the purpose of multiplying the cost of this litigation to the plaintiffs. For example, the School District argues that the award of attorney's fees was improper because there is no provision for such an award in the EHA, asserting the premise that plaintiffs' federal claim was solely "that the EHA falls within the ambit of Section 1983," and that "(n)o other federal statutory basis, and no constitutional basis, was involved in Judge Munson's granting of the preliminary injunction." (School District's brief on appeal at 11; emphasis supplied.) This premise is flatly contradicted by the record. The district court's order granting the injunction stated that the School District had "chosen to abuse the due process procedural safeguards" accorded to parents of handicapped children (Order dated August 25, 1981, at 2), and this Court affirmed the injunction, observing that "(t)he present action is not pending under the EHA, but rather is brought pursuant to 42 U.S.C. § 1983 to recover for the asserted violation by the defendants of plaintiffs' due process rights...." Hastings I at 2.
 
 
 9
 Further, the School District, relying on the rationale of the district court in Zarcone v. Perry, 438 F.Supp. 788, 791 (E.D.N.Y.1977), aff'd on other grounds, 581 F.2d 1039 (2d Cir. 1978), cert. denied, 439 U.S. 1072, 99 S.Ct. 843, 59 L.Ed.2d 38 (1979), argues that attorney's fees may not be granted in a § 1983 action unless the suit has advanced the interest of either the public or an identifiable group. When Zarcone was appealed, however, this Court affirmed the denial of attorney's fees on different grounds, and explicitly rejected the district court's rationale. In ruling that the district court had taken "an overly restrictive view of its function under the (Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988)," 581 F.2d at 1045, we stated as follows:
 
 
 10
 The Act's legislative history is clear that in authorizing awards of attorneys' fees to plaintiffs in civil rights actions Congress was concerned with enforcement not only of the civil rights of the public at large and of identifiable groups but also with the rights of individual plaintiffs. Its goal was to remove financial impediments that might preclude or hinder "private citizens," collectively or individually, from being "able to assert their civil rights" .... We therefore reject the view that, to be eligible for shifting of attorneys' fees, the civil rights plaintiff is obligated to show that his action resulted in direct benefits to others, rather than in benefits solely to himself.
 
 
 11
 Id. at 1042. The law is thus clearly contrary to the School District's argument.[6]
 
 
 12
 We are at a loss to explain such blatantly baseless arguments except to conclude that they have been interposed for the purposes of harassment and delay. In light of the absence of any jurisdictional basis for this appeal and the blatant frivolity of the arguments advanced to support the School District's position on the merits, we point out that 28 U.S.C. § 1927 (1976), as amended by Antitrust Procedural Improvements Act of 1980, Pub.L.No. 96-349, § 3, 94 Stat. 1156, provides that
 
 
 13
 (a)ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
 
 
 14
 See Bankers Trust Co. v. Publicker Industries, 641 F.2d 1361, 1367-68 (2d Cir. 1981) (appellant and its counsel assessed double costs and up to $10,000 for appellee's other expenses, including counsel fees, for bringing frivolous and dilatory appeal). We suggest that the district court, in making its attorney's fee awards, consider whether to require that all or part of the award for the present appeal be paid by the School District's attorney, Edward J. Sarzynski, personally.
 
 
 15
 The appeal is dismissed.
 
 
 
 [1]
 42 U.S.C. § 1988 provides, in relevant part:
 In any action or proceeding to enforce a provision of (42 U.S.C. § 1983, inter alia ), the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
 
 
 [2]
 Immediately after the interim award order was appealed, the School District moved for a stay pending appeal. A panel of this Court granted a stay in November. At oral argument, we vacated that stay from the bench to allow plaintiffs' attorney to be paid immediately
 
 
 [3]
 28 U.S.C. § 1291 provides:
 The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.
 
 
 [4]
 28 U.S.C. § 1292(a) provides, in relevant part:
 The courts of appeals shall have jurisdiction of appeals from:
 (1) Interlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court....
 
 
 [5]
 28 U.S.C. § 1292(b) provides, in relevant part:
 When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order....
 
 
 [6]
 Here, as in the district court, the School District relied principally on its assertions that there was no legal basis for an award of interim attorney's fees, rather than on a contention that the fees were sought in an improper amount. To the extent that the School District did challenge the amount of the fees, it did so conclusorily and without reference to the pertinent standards set forth by this Court in City of Detroit v. Grinnell Corp., 560 F.2d 1093, 1098 (2d Cir. 1977), and without any assertion that the court abused its discretion, which is the pertinent test for review, see Gagne v. Maher, 594 F.2d 336, 343-44 (2d Cir. 1979), aff'd, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)