LAC COURTE OREILLES BAND OF LAKE SUPERIOR CHIPPEWA INDIANS, et al., Plaintiffs,

v.

STATE OF WISCONSIN, et al., Defendants.

No. 87–2088.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 11, 1987.

Decided Aug. 31, 1987.

---

Donald J. Hanaway, Atty. Gen., Wisconsin Dept. of Justice, Madison, Wis., James H. McDermott, Mary V. Bowman, for plaintiffs.

Candy L. Jackson, Bad River Law Office, Odnaha, Wis., Kathryn L. Tierney, Lac Du Flambeau Tribal Atty., Lac DuFlambeau, Wis., James E. Zorn, Lac Courte Oreilles Tribal Atty., Hayward, Wis., James L. Beck, Wisconsin Judicare, Inc., Wausau, Wis., Howard J. Bichler, St. Croix Tribal Atty., Hertel, Wis., for defendants.

Before WOOD, POSNER, and MANION, Circuit Judges.

PER CURIAM.

We asked the parties to address our jurisdiction over this appeal, by which the State of Wisconsin asks us to review two orders by the district court, one refusing to dismiss the plaintiffs' claims under 42 U.S.C. § 1983 and the other awarding interim attorney's fees to the plaintiffs in an amount yet to be fixed. 663 F.Supp. 682 (W.D.Wis.1987). Earlier stages in this complex and protracted litigation over Indian rights are discussed at 760 F.2d 177 (7th Cir.1985), and (under the name *Lac Courte Oreilles Band v. Voight*) at 700 F.2d 341 (7th Cir.1983).

A refusal to dismiss a complaint or part thereof is the classic example of a nonfinal order that is *not* appealable under 28 U.S.C. § 1291, either directly, see *Catlin v. United States*, 324 U.S. 229, 236, 65 S.Ct. 631, 635, 89 L.Ed. 911 (1945); *Texaco, Inc. v. Cottage Hill Operating Co.*, 709 F.2d 452, 453 (7th Cir.1983), or by invoking the "collateral order" rule, see *Unger v. Consolidated Foods Corp.*, 693 F.2d 703, 705 (7th Cir.1982); *Central States, Southeast & Southwest Areas Health & Welfare Fund v. Old Security Life Ins. Co.*, 600 F.2d 671, 675 (7th Cir.1979). The State of Wisconsin's insistence that it is a final order betrays a serious lack of understanding of the basic principles of federal appellate review. Our concern about this lack of understanding is heightened by the fact that this is the third error that the state has made concerning appellate jurisdiction in this litigation. The first came when it tried to appeal from a partial judgment without obtaining the required district court order under Fed.R.Civ.P. 54(b). See 760 F.2d at 180. Later the state filed and dismissed an unnecessary protective appeal from the district court's decision on remand (653 F.Supp. 1420 (W.D.Wis.1987)). See our order of April 1, 1987, in No. 87–1472. We are entitled to expect better from the State of Wisconsin.

The state's attempt to appeal from the order awarding the plaintiffs interim attorney's fees, which is to say fees for work performed in a case that has not yet ended, can fare no better. Such awards are interlocutory, and can be appealed only if they come within the narrow scope of the collateral-order doctrine. See *Palmer v. City of Chicago*, 806 F.2d 1316, 1318–20 (7th Cir.1986). Among the requirements of the doctrine is that the appellant show that he will suffer irreparable harm if appeal is postponed to the end of the litigation. In *Palmer* this requirement was satisfied by a showing that once the fees were disbursed the defendant might very well be unable to recover them at the end of the litigation should they turn out to have been awarded in error. The State of Wisconsin has attempted no similar showing here.

Even if this were not an interim fee award, we would not have jurisdiction to

review it at this time. An award of attorney's fees that does not fix the amount of the award or specify a formula allowing the amount to be computed mechanically is not a final decision within the meaning of section 1291, see, e.g., *Vandenplas v. City of Muskego*, 797 F.2d 425, 427–28 (7th Cir. 1986); *Gilles v. Burton Construction Co.*, 736 F.2d 1142, 1145–46 (7th Cir.1984); *Hershinow v. Bonamarte*, 735 F.2d 264, 266–67 (7th Cir.1984), just as a judgment holding the defendant liable but postponing the determination of damages is not a final judgment, see *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 1206, 47 L.Ed.2d 435 (1976). There is an exception, but it is inapplicable here, for the case where the order awarding fees in an amount not yet determined can be consolidated on appeal with a final order. See *Vandenplas v. City of Muskego, supra,* 797 F.2d at 428 n. 1; *Gilles v. Burton Construction Co., supra,* 736 F.2d 1142 at 1145–46; *Bittner v. Sadoff & Rudoy Industries*, 728 F.2d 820, 826–27 (7th Cir. 1984).

■ The plaintiffs have moved for an award of attorney's fees under Fed.R. Civ.P. 38. The attempt to appeal the order refusing to dismiss a claim is far outside the bounds of settled law regarding appealability, and is inexcusable, made as it is by a sophisticated and experienced litigant and coming as it does on the heels of earlier errors as to appealability. However, the appealability of awards of attorney's fees remains a somewhat murky area of the law. Sanctions for a frivolous appeal are merited for the state's attempt to appeal from the order refusing to dismiss the plaintiffs' section 1983 claims, but not for the state's attempt to appeal from the award of attorney's fees.

The plaintiffs shall submit to the clerk of this court within (15) days a verified statement of the expense incurred by them to defend against the state's appeal from the order refusing to dismiss the plaintiffs' section 1983 claims.

APPEAL DISMISSED WITH SANCTIONS.