**Forest Henry SHIPES, On Behalf of Himself and Others Similarly Situated, et al., Plaintiffs–Appellees, Cross–Appellants,**

v.

**TRINITY INDUSTRIES, INC., Defendant–Appellant, Cross–Appellee.**

Nos. 87–2885, 88–2027.

United States Court of Appeals, Fifth Circuit.

Aug. 31, 1989.

George A. Harper, Ennis, Tex., for defendant-appellant, cross-appellee.

Ellen Hahn, Larry R. Daves, Nell Hahn, Austin, Tex., for plaintiffs-appellees, cross-appellants.

Jeffrey C. Bannon, Atty., E.E.O.C., Washington, D.C., for amicus curiae, E.E.O.C.

Before KING, GARWOOD, and DAVIS, Circuit Judges.

KING, Circuit Judge:

Defendants-appellants appeal from the award of interim attorney's fees following a decision in plaintiffs' favor at the conclusion of the liability phase of the underlying employment discrimination suit. For the reasons set forth below, we find that the order awarding interim attorney's fees is not a final and appealable decision and accordingly dismiss this appeal without reaching the merits of the attorney's fee award.

## I.

Plaintiffs-appellants Forest Henry Shipes and other class members ("Shipes" or "plaintiffs") prevailed at the liability phase of this class-action lawsuit brought under Title VII and 42 U.S.C. sec. 1981, alleging racial discrimination in hiring, promotion and discharge at defendant-appellant Trinity Industry's ("Trinity") two Longview, Texas plants. The remedy phase of the case is still pending before the district court.

Following their victory on the liability issue, plaintiffs moved for an award of interim attorney's fees under 42 U.S.C. sec. 2000e–5(k). The district court subsequently conducted an evidentiary hearing at which plaintiffs presented evidence regarding the time expended and the nature of the work involved in preparing the case, the market rates for attorney's fees, and the services performed by an attorney who assisted in the preparation of statistical evidence for trial. Trinity presented no evidence at the evidentiary hearing. Both parties submitted other documentary evidence on the attorney's fee issue.

In response to plaintiffs' motion, the district court issued four separate orders relevant to this appeal. First, on July 15, 1987, the district court awarded plaintiffs $144,-712.00 based on the "lodestar" calculation and $7,988.73 in costs. In this order, the district court also found that plaintiffs were entitled to an enhancement of the lodestar figure based on factors not reflected in that figure. The district court refrained, however, from ordering any enhancement pending briefing by the parties on the effect of the Supreme Court's decision in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987) (*Delaware Valley II*). On December 7, 1987, 685 F.Supp. 607, the district court ordered that the original award be enhanced by 80% to account for factors not reflected in the lodestar figure. The court also directed the parties to submit evidence on the question whether a "contingency enhancement" would be appropriate. On December 28, 1987, 685 F.Supp. 612, the district court denied plaintiffs' request for expenses for out-of-court services, including expert witness fees. Finally, on August 4, 1988, the district court ordered that the original award be enhanced by 33⅓% to reflect the contingency factor.

This last order provided that "judgment" be awarded to "plaintiffs' attorneys ... for the amended sum of $308,238.05, as the interim attorney's fee in this action" and stated further that "interest on this award will be calculated from July 15, 1987, the date on which this court's initial order awarded interim attorney's fees was filed."

Trinity appealed from the first order, contesting the district court's calculation of the lodestar figure, and from the second and fourth orders, contesting the enhancement of the original award. Plaintiffs appealed from the third order denying an award for expenses for out-of-court services. The appeals were consolidated.

## II.

Although the district court's August 4th order directed the entry of judgment for plaintiffs on the interim attorney's fee award, there is some question whether the district court actually made the determinations necessary to certify the order as final under Rule 54(b).[1] At oral argument, we

---

1. Rule 54(b) reads:

  (b) Judgment Upon Multiple Claims or Involving Multiple Parties

raised sua sponte a more fundamental question: whether the district court's award of attorney's fees, even if certified as final under Rule 54(b), was final within the meaning of 28 U.S.C. sec. 1291 which governs the scope of appellate court jurisdiction.[2] As we noted in another context:

> The case law that has developed under Rule 54(b) reveals that finality occupies two roles with respect to appellate jurisdiction. While Rule 54(b) relaxes traditional notions of finality in one respect, by allowing the district court to certify as final a judgment that disposes of less than all of the claims or the rights and liabilities of less than all of the parties in a larger case, Rule 54(b) "does not relax the finality required of each decision, as an individual claim, to render it appealable." ... A trial court *"cannot,* within the exercise of its discretion, treat as 'final' that which is not 'final' within the meaning of sec. 1291."

*Matter of Wood & Locker, Inc.,* 868 F.2d 139, 144–45 (5th Cir.1989) (emphasis supplied) (citations omitted) (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 435, 437, 76 S.Ct. 895, 899, 900, 100 L.Ed. 1297 (1956)).

If the award of interim attorney's fees does not constitute a final order within the meaning of sec. 1291, Rule 54(b) certification would be improper because Rule 54(b) cannot expand the statutory grant of appellate jurisdiction. We would therefore be required to dismiss this appeal for want of jurisdiction unless the order falls within the narrow exception to the finality rule created by the collateral order doctrine.

After additional briefing by the parties, both of whom contend that the district court's order is final and appealable, we must conclude that the order is not final within the meaning of sec. 1291 and also does not fall within the collateral order exception to the finality rule.

### A. Finality of an interim award of attorney's fees under sec. 1291

▮ Generally speaking, a decision of the district court is "final" if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Thus, treating a claim for attorney's fees as a distinct claim for relief under Rule 54(b), an order awarding attorney's fees may be considered final within the meaning of sec. 1291 only if it disposes finally of the attorney's fee question.

In *Ruiz v. Estelle* we held that an interim award of attorney's fees under 42 U.S.C. sec. 1988 [3] "is patently not yet final in the sense that it disposes of the litigation" and consequently may be appealed separately only if it falls within the collateral order exception to sec. 1291. 609 F.2d 118, 118 (5th Cir.1980). Several other circuits have followed suit, holding broadly that awards or denials of interim fees are not "final" within the meaning of sec. 1291. *See, e.g., Rosenfeld v. United States,* 859 F.2d 717, 720 (9th Cir.1988) (award of interim fees under Freedom of Information Act not final); *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Wisconsin,* 829 F.2d 601, 602 (7th Cir.1987) (award of interim fees not final); *Yakowicz*

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the

order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**2.** Section 1291 provides that:

"The courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

**3.** The Civil Rights Attorney's Fees Awards Act, 42 U.S.C. sec. 1988, was modeled after the attorney's fee provisions of the 1964 Civil Rights Act, including 42 U.S.C. sec. 2000e–5(k). The two provisions are thus treated as identical.

*v. Pennsylvania,* 683 F.2d 778, 782 (3d Cir.1982) (denial of interim fees not final); *Hastings v. Maine–Endwell Central School District,* 676 F.2d 893, 895 (2d Cir. 1982) (award of interim fees not final).

The parties' supplemental briefs suggest that we could treat the district court's award as a final and appealable order under sec. 1291 even if it does not fall within the collateral order doctrine, but have identified no rule or doctrine other than Rule 54(b) that would justify treating this order as final within the meaning of our statutory grant of appellate jurisdiction. The parties' arguments thus fail to address the issue we raised at oral argument. As a matter of doctrinal housekeeping, we must clarify that Rule 54(b) and the collateral order doctrine create conceptually distinct exceptions to the finality rule and are not co-equal principles for the purposes of this case.

Rule 54(b) was adopted in response to the burgeoning of complex litigation in the federal courts. Prior to adoption of Rule 54(b) the finality principle required—at least in theory—that an entire case be treated as a single judicial unit even if it consisted of numerous discrete claims. *See* 10 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* sec. 3909, at 448– 49 (1976).[4] By allowing district courts to certify as final those decisions that disposed of discrete pieces of larger litigation, Rule 54(b) vested the district courts with the discretion to alleviate the burden to parties of waiting until resolution of the entire case to appeal a decision that may have been entered years before. As we note above, however, the distinct claims governed by Rule 54(b) are required to meet statutory finality requirements. Rule 54(b) therefore relaxes only the "judicial

unit" aspect of finality principles and otherwise operates within the constraints of statutory finality.

■ The collateral order doctrine is, in contrast, a judicially-created exception to the statutory finality requirements—and therefore is an aspect of statutory finality—that permits appeals from orders that would otherwise be considered interlocutory. Because an interim award of fees is, by definition, interlocutory, the relationship between these two rules is such that an interim fee award could not be certified as final under Rule 54(b) unless it also meets the requirements of the collateral order doctrine or one of the statutory exceptions to the finality rule.[5]

### B. The Collateral Order Doctrine

■ Courts have reached mixed results in determining the appealability of interim fee awards under the collateral order doctrine. *See Dardar v. LaFourche Realty Co.,* 849 F.2d 955, 957 n. 8 (5th Cir.1988) (citing cases).

The doctrine, announced in *Cohen v. Beneficial Industrial Loan Co.,* allows appeals from a small class of orders which finally determine issues separate from the merits of the case. 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949). In order to be appealable under the *Cohen* doctrine "[T]he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).

Because interim fee awards will vary in character, we must consider whether this award is sufficiently different from the

---

**4.** Professors Wright and Miller suggest that the rigidity of the single judicial unit rule may have been exaggerated. At a minimum, however, Rule 54(b) reduced the uncertainty inherent in judicially-created exceptions to the finality rule. *See Wood & Locker,* 868 F.2d at 145–46 (concluding that strict adherence to Bankruptcy Rule 7054—an analog to Rule 54(b)—reduces uncertainty inherent in judicially-created appealability doctrine in bankruptcy context).

**5.** An interlocutory order may also be appealed if it is an injunction within the meaning of 28 U.S.C. sec. 1292(a)(1) or if the district court judge, pursuant to 28 U.S.C. sec. 1292(b) certifies that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

awards we considered in *Ruiz* and *Dardar*, *supra*, to fall within the scope of the doctrine. We turn now to the three requirements.

### 1. *Completely Separate from the Merits*

First, we note that the Supreme Court's holding in *White v. New Hampshire Dep't of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), could support the conclusion that an award of interim attorney's fees is "completely separate" from the merits. *See Hastings*, 676 F.2d at 896; *but see Yakowicz*, 683 F.2d at 784 n. 11 (noting that two members of the panel found *White* controlling on this point while the writing judge would find *White* inapplicable to interim awards of attorney's fees).

In *White*, the Court held that a post-judgment motion for attorney's fees under sec. 1988 was not a motion to amend or alter a judgment, governed by Rule 59(e), because an award of attorney's fees "is uniquely separable from the cause of action to be proved at trial." *Id.* 455 U.S. at 452, 102 S.Ct. at 1166. The Court reasoned that because "[s]ection 1988 provides for awards of attorney's fees only to a 'prevailing party[,]' . . . the court's decision of entitlement to fees will . . . require an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed.'" *Id.* at 451–52, 102 S.Ct. at 1166–67. Because the Court stated that the above reasoning would apply "regardless of when attorney's fees are requested," *id.* at 451, 102 S.Ct. at 1166, it is possible to argue that awards of interim attorney's fees similarly are separate from the merits of the case because they also cannot be awarded unless "a party has prevailed on the merits of at least some of his claims." *Hanrahan v. Hampton*, 446 U.S. 754, 758, 100 S.Ct.1987, 1989, 64 L.Ed.2d 670 (1980).

On the other hand, as we note below, *White*'s "prevailing party" rationale may, in certain contexts, undermine the conclusiveness of an interim fee award within the meaning of *Cohen*.

### 2. *Conclusiveness*

Both parties suggest that the order in this case finally resolved the attorney's fee issue with respect to the liability phase of the underlying lawsuit. In contrast to the awards considered in *Rosenfeld* and *Hastings*, *supra*, the district court in this case computed a concrete figure and entered judgment for plaintiffs.

Plaintiffs also argue that following the Supreme Court's recent decision in *Texas State Teachers Ass'n v. Garland Independent School District*, —— U.S. ——, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989), no subsequent proceedings in the district court will affect their status as "prevailing parties." In *Garland*, the Court rejected this circuit's rule that in order to be a "prevailing party," entitled to fees under sec. 1988, the plaintiff must prevail on the issue central to their case. *Id.* 109 S.Ct. at 1492. The Court held that "[a] prevailing party is one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation." *Id.*

*Garland* thus addresses the reservation we expressed in *Dardar*—that given this circuit's test for determining "prevailing parties," it would be difficult ever to find that an interim award of fees was "conclusive" prior to a final determination on the merits. *Dardar*, 849 F.2d at 959 n. 12. We note, however, that while *Garland* might allow an interim fee award to be considered "conclusive" when a party has prevailed on a discrete claim, the language in *Garland* referring to "relief" creates an obstacle to considering a fee award "conclusive" prior to resolution of the remedy phase—even where plaintiff has achieved a nearly complete victory at the liability phase.[6]

**6.** We reject Trinity's attempt to challenge plaintiffs' prevailing party status—which they did not raise on appeal—in the guise of addressing the finality issue. While the language quoted from

*Garland* might reflect on the conclusiveness of the interim award, *Garland* did not cast doubt on the propriety of awarding interim fees at the conclusion of the liability phase of trial before

We do not, however, rest our decision on this admittedly narrow technicality for we have a more substantial concern with the "conclusiveness" of any interim award of fees that does not correspond to an order that is itself separately appealable.

■ If an interim award of fees corresponds to an order which is itself appealable, "and represents compensation for work that is compensable no matter what the course of subsequent events" it may well be "conclusive" within the meaning of the collateral order doctrine. *See* 15 C. Wright, A. Miller & E. Cooper, *supra*, sec. 3915 (Supp.1989); *but see Hastings,* 676 F.2d at 896 (stating that even if interim fees and preliminary injunction were granted in same order, fee award would not be appealable as part of injunction because two are independent under *White*).

In *Haitian Refugee Center v. Meese,* 791 F.2d 1489 (11th Cir.1986), *vacated in part on other grounds,* 804 F.2d 1573 (11th Cir.1986), for example, the plaintiffs had prevailed on the merits, and the district court had granted temporary injunctive relief, pending final approval of defendant's new deportation procedures. The court of appeals had also affirmed the judgment of the district court, with minor modifications. *Id.* at 1493. Interim fees were awarded only after the plaintiffs' successful appeal. *Id.*

Similarly, in *Young v. Pierce,* 822 F.2d 1376 (5th Cir.1987), we did not question the district court's Rule 54(b) certification of an interim fee award, entered at the conclusion of the liability phase, where the parties had also appealed the district court's orders issuing an interim injunction and appointing a special master. *See Young v. Pierce,* 822 F.2d 1368 (5th Cir.1988) (companion case addressing latter two issues).

In this case, in contrast, no appeal has been, or could be, taken from the district court's decision at the liability phase. *See Liberty Mutual Insurance v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976) (Rule 54(b) certification of decision on liability alone was improper because not final under sec. 1291). Thus, if we were to allow an appeal of the attorney's fee issue at this point in time—apart from a review of the merits of the liability determination—we could be in the anomalous position of altering plaintiffs' status as prevailing parties in a subsequent appeal. If that eventuality were to occur, the award of attorney's fees would have to be vacated or at least altered to reflect plaintiffs' lesser degree of success.

Such piecemeal review places an unnecessary burden on judicial resources. While we recognize that both parties have an interest in achieving some certainty in the award of interim fees, the structure of the litigation is such that even if we were to allow an interlocutory appeal from this award, we could not resolve once and for all the question of plaintiffs' entitlement to the award.

### 3. *Capable of Review on Appeal from Final Judgment*

These considerations lead us to conclude further that an award of interim fees may be effectively reviewed after final judgment is entered—or, alternatively, when the attorney's fee award corresponds to an interlocutory order that is itself separately appealable.

The one exception to this conclusion may be, as we suggested in *Ruiz,* when "the defendant has alleged and proved that the mere payment of the fees would make them unrecoverable." 609 F.2d at 119; *see also Palmer v. City of Chicago,* 806 F.2d 1316, 1319–20 (7th Cir.1986) (interim fee award appealable when fees were to be paid not to attorneys but to "revolving fund" of prisoner-plaintiffs); *Rosenfeld,* 859 F.2d at 721 (distinguishing *Palmer* where fees payable to attorneys); Green, *From Here to Attorney's Fees: Certainty, Efficiency, and Fairness in the Journey to the Appellate Courts,* 69 Cornell L.Rev. 207, 269–72 (arguing that interim fee

remedy issues have been determined. As the Court noted in *Hanrahan,* Congress clearly contemplated that interim fees would be appropri- ate at that juncture. 446 U.S. at 757, 100 S.Ct. at 1989.

awards should be appealable under *Cohen* where recoupment of fees in doubt and also suggesting posting of bonds as alternative).

Trinity has not alleged, let alone proven, that if the fees are paid to plaintiffs' counsel, Trinity will be unable to recover them should the judgment of the district court be reversed at some later point. Consequently, we cannot conclude that this interim fee award constitutes a final decision within the meaning of sec. 1291 or the collateral order doctrine. If the district court's order was indeed intended to be a Rule 54(b) certification, it would therefore be improper.

As a final note, we wish to emphasize that our holding is in no way intended to undermine the policy favoring the award of interim attorney's fees in civil rights cases. Indeed, although our holding may subject the parties to additional uncertainty, we note that by permitting interim fee awards, Congress intended to alleviate the burden that lengthy and costly litigation imposes on civil rights counsel who depend upon fee awards to pursue their practice. An additional appeal of a separate fee award may impede that objective. Moreover, some uncertainty is inherent in an interim award of fees—until the case has run the gauntlet of appellate review on the merits.

### III.

For the foregoing reasons, this appeal is DISMISSED.

GARWOOD, Circuit Judge, specially concurring:

I concur in all of Judge King's opinion save only to the extent it may speak to under what circumstances, when, how, or in what form "interim" attorneys' fees may properly be "awarded," it being sufficiently clear that, for the reasons stated by Judge King, we have no jurisdiction of this appeal and thus no occasion to consider the propriety of the attorney's fees award.