# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 28, 2009

Charles R. Fulbruge III
Clerk

No. 09-40524
Summary Calendar

SLYVESTER MCCLAIN, on his own behalf and on behalf of a class of similarly situated persons; BUFORD THOMAS, on his own behalf and on behalf of a class of similarly situated persons; PATRICK ROSS, on his own behalf and on behalf of a class of similarly situated persons; MARY THOMAS, on his own behalf and on behalf of a class of similarly situated persons; EDDIE K MASK, on his own behalf and on behalf of a class of similarly situated persons; LEROY GARNER, on his own behalf and on behalf of a class of similarly situated persons; SHERRY CALLOWAY SWINT, on his own behalf and on behalf of a class of similarly situated persons; WALTER BUTLER, on his own behalf and on behalf of a class of similarly situated persons; FLORINE THOMPSON, on his own behalf and on behalf of a class of similarly situated persons; CLARENCE OWENS, on his own behalf and on behalf of a class of similarly situated persons; CLIFFORD R. DUIRDEN, on his own behalf and on behalf of a class of similarly situated persons; EARL POTTS, on his own behalf and on behalf of a class of similarly situated persons; ROALD MARK, on his own behalf and on behalf of a class of similarly situated persons; PLAINTIFF CLASS, on his own behalf and on behalf of a class of similarly situated persons; ALL PLAINTIFFS, on his own behalf and on behalf of a class of similarly situated persons,

Plaintiffs-Appellants Cross-Appellees

v.

LUFKIN INDUSTRIES INC,

Defendant-Appellee Cross-Appellant

No. 09-40524

Appeal from the United States District Court
for the Eastern District of Texas
No. 9:97-CV-63

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellee-cross-appellant Lufkin Industries, Inc. ("Lufkin") seeks dismissal of this appeal for lack of subject matter jurisdiction. On February 29, 2008, this court ruled on an appeal from the original final judgment in this Title VII class action case. *See McClain v. Lufkin Indus., Inc.*, 519 F.3d 264 (5th Cir. 2008). We first vacated the judgment as to Lufkin's liability for initial job assignments and affirmed the judgment as to Lufkin's liability for discrimination in promotions. Second, we vacated and remanded the award of monetary damages and injunctive relief. Finally, we vacated and remanded the award of attorneys' fees because the district court offered no reason to justify its 25% across-the-board reduction of all billable hours. We instructed the district court to conduct the proper lodestar-fee and *Johnson* analyses.

On remand, the district court has yet to determine the final amount of monetary damages or the scope of injunctive relief. However, on April 2, 2009, the district court granted the plaintiffs an interim award of attorneys' fees, costs, and expenses through January 1, 2009. The court stated that the interim award would be recoverable regardless of the final amount of monetary damages or the scope of injunctive relief. The district court also certified the award as a final judgment as to the plaintiffs' separate claims for attorneys' fees pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The plaintiffs filed an appeal of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the interim award, and Lufkin now challenges this court's jurisdiction over the appeal.

"An interim fee order is not a final judgment, and thus may be reviewed only if the collateral order doctrine applies." *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 766 (5th Cir. 1996) (citing *Ruiz v. Estelle*, 609 F.2d 118, 118–19 (5th Cir. 1980)).  Under this doctrine, we may review orders that: "(1) conclusively determine the disputed question; (2) resolve an issue that is completely separate from the merits of the action; and (3) would be effectively unreviewable on appeal from a final judgment." *Id.* (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545–47 (1949)).

Lufkin argues that the third prong is not satisfied because the interim award would be reviewable after the district court enters its final order.  In *Walker*, the interim fee award was for non-litigation efforts such as monitoring the city's compliance with a consent decree. *Id.*  Since these actions would never result in an appealable final judgment, we held that the interim fee award satisfied the third prong and passed the collateral order test.  *Id.* at 766-67.  Conversely, in *Shipes v. Trinity Industries, Inc.*, 883 F.2d 339 (5th Cir. 1989), we concluded that an interim fee award failed the collateral order test.  The interim award in *Shipes* came after plaintiffs succeeded on the issue of liability and while the issue of remedies was still pending. *Id.* at 340.  We concluded that the award could have effectively been reviewed after the final judgment.  *Id.* at 344–45.  Lufkin argues that the interim award in this case is reviewable on appeal from the final judgment like in *Shipes* and unlike the award in *Walker*.

Assuming without deciding that the first two prongs of the collateral order test are satisfied, the interim award in this case fails the third.  Unlike the interim award in *Walker*, this award of attorneys' fees is connected to work that will eventually result in an appealable final judgment and can be reviewed at that time.  *See Campanioni v. Barr*, 962 F.2d 461, 463 (5th Cir. 1992) ("[T]his

court has consistently held that a district court's interim award of attorney's fees is not appealable under the *Cohen* doctrine, in part because the fee award is effectively reviewable after final judgment on the merits of the case is entered."). In *Ruiz*, we recognized an exception to this third prong—an award may be unappealable as a practical matter "if the defendant ha[s] alleged and proved that the mere payment of the fees would make them unrecoverable." 609 F.2d at 119. This exception is not applicable here because it is the plaintiffs who are appealing their award of attorneys' fees and Lufkin has deposited the amount of the award in plaintiffs' trust fund. Thus, the interim award fails the collateral order test because the award will be reviewable on appeal after the district court enters a final judgment. It is therefore:

ORDERED that this appeal is DISMISSED.