# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60191
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2015

Lyle W. Cayce
Clerk

JAMES EARL MOORE,

Plaintiff–Appellant,

v.

GEORGE HARRIS, in his individual and official capacity; SELVAIN
MCQUEEN, in his individual and official capacity; CITY OF COLUMBUS,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC 1:12-CV-50

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

James Earl Moore filed an action under 42 U.S.C. § 1983 against the City
of Columbus, Mississippi, and several officials (collectively, Columbus),
alleging the officials unlawfully detained and maliciously prosecuted him.
Pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-60191

parties agreed a magistrate judge would conduct the entire proceeding. Moore appeals the dismissal of the case for failure to comply with discovery orders and the imposition of monetary sanctions. We lack jurisdiction to address these issues because Moore's appeal is untimely. We affirm the district court's reduction of the sanctions award to a judgment against Moore.

## I

This case stems from Moore's § 1983 action alleging that Columbus wrongfully detained and prosecuted him after a kidnapping complainant recanted her story. Thirty days before the discovery deadline, Columbus notified Moore's counsel that it wanted to depose Moore. Moore's counsel did not respond. After making two additional unanswered requests, Columbus unilaterally noticed Moore's counsel that a deposition would take place in a week's time. Two days before the scheduled deposition, Moore's counsel informed Columbus that she and her client would not be present. She did not, however, move to quash the notice of deposition or file for a protective order. When Moore failed to appear, Columbus moved to impose sanctions.

Finding Moore's explanations for his failure to appear at the deposition insufficient, the magistrate judge awarded attorney's fees to cover the costs Columbus incurred in attending the deposition and ordered Moore to make himself available for a deposition by April 19, 2013. After Moore failed to do so, the court granted Columbus's motion to dismiss with prejudice.

Following dismissal, Columbus submitted an affidavit in support of its request for $688 in attorney's fees. The court granted the request for fees and ordered Moore and his counsel to pay that sum. After Moore and his counsel failed to comply with two court-imposed payment deadlines, the magistrate judge granted a third extension on the condition that a $50 per diem penalty would be assessed for every day the attorney's fees remained unpaid following the new deadline. After this third deadline passed without payment and the

## No. 14-60191

per diem penalty had accrued for several months, the court granted Columbus's motion to reduce the sanctions award to a judgment of $8,338. Moore now appeals.

## II

Moore challenges four orders: (1) the imposition of sanctions; (2) the dismissal of his claim with prejudice; (3) the assessment of a per diem fine for failing to pay the sanctions by the deadline; and (4) reducing the sanctions to a judgment against him. We lack jurisdiction to address the first three issues and dismiss accordingly. As the magistrate judge did not abuse his discretion in reducing the sanctions to a judgment against Moore, we affirm as to that issue.

Courts of appeals "have jurisdiction of appeals from all final decisions of the district courts."[1] In a civil case, a party has thirty days to appeal a final judgment.[2] "The timely filing of a notice of appeal in a civil case is a jurisdictional requirement."[3] No equitable exceptions apply.[4] Moore filed his appeal on March 19, 2014. The magistrate judge's April 11, 2013 order assessing attorney's fees, the May 7, 2013 dismissal with prejudice, and the September 20, 2013 order imposing a per diem late-payment penalty were not timely appealed. Moore argues we can nevertheless exercise jurisdiction under: (1) the collateral order doctrine; (2) the doctrine of pendent appellate jurisdiction; and (3) 28 U.S.C. § 1292(b).

---

[1] 28 U.S.C. § 1291.

[2] FED. R. APP. P. 4(a)(1)(A).

[3] *Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engr's and Participating Emp'rs*, 134 S. Ct. 773, 779 (2014) (citation omitted).

[4] *Colbert v. Brennan*, 752 F.3d 412, 416 (5th Cir. 2014) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)).

No. 14-60191

The collateral order doctrine allows a party to appeal a non-dispositive decision that is conclusive, resolves an important question separate from the merits, and is effectively unreviewable on appeal from a judgment in the underlying action.[5] The order dismissing with prejudice was a final judgment on the merits.[6] It directly disposed of Moore's case on the merits, and thus it was not "separate from" the merits.[7] The collateral order doctrine does not apply. Accordingly, as Moore failed to appeal within thirty days, we lack jurisdiction.

A pre-judgment order awarding attorney's fees must generally be appealed after a final judgment has been entered in the underlying action.[8] While such orders are generally unrelated to the merits of underlying actions,[9] they are also typically reviewable alongside the merits on appeal.[10] The sanctions order would have been reviewable on timely appeal from a judgment on the merits. Accordingly, Moore had until thirty days after the dismissal of his case to appeal the April 11 order imposing attorney's fees. As he failed to appeal during this timeframe, we lack jurisdiction.

A post-judgment order awarding attorney's fees or sanctions must be appealed within thirty days after the entry of such order.[11] Moore failed to

---

[5] *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (citing *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995)).

[6] *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) ("A dismissal which is designated 'with prejudice' is 'normally an adjudication on the merits . . . .'" (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993))).

[7] *Mohawk*, 558 U.S. at 106.

[8] *See Shipes v. Trinity Indus., Inc.*, 883 F.2d 339, 344 (5th Cir. 1989).

[9] *Ray Haluch Gravel Co.*, 134 S. Ct. at 779 (citing *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200, 202 (1988)).

[10] *Shipes*, 883 F.2d at 344.

[11] FED. R. APP. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment *or order* appealed from." (emphasis added)); *Armour v. Knowles*, 512 F.3d 147, 156 (5th Cir. 2007) (per curiam)

No. 14-60191

appeal the September 20 order imposing sanctions within thirty days of its entry. Accordingly, we lack jurisdiction.

Section 1292(b) allows a district court judge to certify an interlocutory order for appeal under certain circumstances.[12] The judge did not certify any question for appellate review.

We therefore lack jurisdiction to review the district court's first three orders and dismiss this appeal as to those orders.

## III

Moore timely appealed the magistrate judge's March 6, 2014 order converting the sanctions into a judgment against Moore. In that order, the judge found: (1) Moore and his attorney repeatedly failed to pay the sanctions imposed by the established deadlines; (2) the court repeatedly extended those deadlines to accommodate them; (3) neither Moore nor his counsel has made payments; and (4) Moore owes a total of $8,338, notwithstanding a clerical error in the text of the order. None of these findings are clearly erroneous.[13] The magistrate judge did not abuse his discretion in reducing the sanctions to a judgment against Moore.

\* \* \*

For the foregoing reasons, we DISMISS this appeal in part and otherwise AFFIRM the judgment of the district court.

---

("Because the order on costs was a post-judgment order and not a prior order, it cannot be challenged without a separate notice of appeal." (citations omitted)); *Burnley v. City of San Antonio*, 470 F.3d 189, 200 (5th Cir. 2006).

[12] 28 U.S.C. § 1292(b).

[13] *See Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013).