**PEOPLE WHO CARE, et al.,**
**Plaintiffs–Appellants—Cross–Appellees,**

v.

**ROCKFORD BOARD OF EDUCATION DISTRICT NO. 205,**
**Defendant–Appellee—Cross–Appellant.**

**Nos. 90–3284, 90–3291 and 90–8098.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 5, 1990.

Decided Jan. 2, 1991.

Robert C. Howard, Claire T. Hartfield, Ronald L. Futterman, Aram A. Hartunian, Kathleen Mangold–Spoto, Hartunian, Futterman & Howard, Chicago, Ill., for plaintiffs-appellants—cross-appellees.

Lawrence J. Weiner, Linda L. Eyestone, John M. Izzo, Anthony G. Scariano, A. Lynn Himes, G. Robb Cooper, David P. Kula, Justino D. Petrarca, Scariano, Kula, Ellch & Himes, Chicago, Ill., Thomas A. Bueschel, John N. Schmidt, Conde, Stoner & Killoren, Rockford, Ill., for defendant-appellee—cross-appellant.

Before FLAUM, EASTERBROOK and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

A partial consent decree in this school desegregation case afforded the plaintiffs some relief in time for the 1989–90 school year. Many questions remain for future determination. Not wanting to wait until the litigation was over to collect attorneys' fees under 42 U.S.C. § 1988, plaintiffs filed an application for an interim award. On February 23, 1990, the district court directed the Rockford Board of Education to pay substantial fees and costs. The court gave counsel their regular hourly rates, without enhancement for risk. 1990 WL 25883, 1990 U.S.Dist. LEXIS 2977 (N.D.Ill.). On reconsideration the court added an award to cover the costs of expert assistance but again declined to adjust for risk. 1990 WL 53282, 1990 U.S.Dist. LEXIS 4997 (N.D.Ill.). The order, filed on April 11, 1990, provides: "Defendants are ordered to make a prompt payment of the interim fee award in the amount of $112,935.50 and costs in the amount of $18,514.65."

On June 8 the parties filed a joint motion asking the district court to certify its order for interlocutory appeal under 28 U.S.C. § 1292(b). The court obliged on September 25, entering a judgment that provides in full: "The Parties are hereby granted leave to file an interlocutory appeal concerning this court's award of attorney's fees and litigation expenses." An opinion explains that the "controlling question of law is the legal standard applicable to enhancement of the lodestar on account of contingent risk, after *Pennsylvania v. Delaware Valley Council for Clean Air,* [483 U.S. 711,] 107 S.Ct. 3078 [97 L.Ed.2d 585] (1987)". The parties immediately filed the necessary petition for this court's permission (No. 90–8098). Just to be safe, they filed notices of appeal in early October invoking our jurisdiction under 28 U.S.C. § 1291. Plaintiffs' appeal (No. 90–3284) contends that counsel are entitled to an adjustment for risk; the Board of Education's appeal (No. 90–3291) contends that the plaintiffs are not yet entitled to any award. We called for memoranda on the question whether any of these appeals comes within our jurisdiction.

■ Section 1292(b) provides that a district court may certify an order for interlocutory appeal when it "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation". Although there may well be "substantial ground for difference of opinion" about the status of risk multipliers after *Delaware Valley,* it is hard to see how resolving the dispute one way or the other could "materially advance the ultimate termination of the litigation." Although the district court believed it "manifestly fair that the basic parameters of fee entitlement be resolved early in this case rather than at the end", a sentiment the parties share, § 1292(b) does not give district judges power to authorize interlocutory appeals generally. The question must be one the resolution of which "may materially advance the ultimate termination of the litigation." Disputes about the quantum of attorneys' fees do not sat-

isfy that standard. We therefore deny the petition for leave to appeal under § 1292(b).

■ According to the parties, § 1291 furnishes all necessary authority: first because Fed.R.Civ.P. 54(b) governs the order of September 25, and second because the award is a "collateral order" appealable on the theory of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and its intellectual forbear *Forgay v. Conrad,* 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848). The first of these founders because Rule 54(b) allows the entry of judgment only with respect to the final disposition of a claim for relief. Attorneys' fees are not a separate claim for relief, *Mulay Plastics, Inc. v. Grand Trunk Western R.R.,* 742 F.2d 369, 371 (7th Cir.1984), and as their name implies "interim" fees are not the last word on the subject. What is more, Rule 54(b) comes into play "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." See *Auriemma v. Chicago,* 906 F.2d 312 (7th Cir.1990). This record contains neither the "express determination" nor the "express direction"—no surprise, for the judge was addressing a motion under § 1292(b). It is, then, the collateral order doctrine or nothing.

■ Awards of attorneys' fees are appealable independently of the merits. *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988); *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). Although interim awards are not final in the traditional sense, because the court may award more later (or direct the plaintiffs to repay the money if they ultimately fail to establish an entitlement to relief), we have held that they are appealable under the collateral order doctrine when the defendant may have difficulty getting the money back. *Richardson v. Penfold,* 900 F.2d 116 (7th Cir.1990); *Palmer v. Chicago,* 806 F.2d 1316 (7th Cir.1986). Accord, *Shipes v. Trinity Industries, Inc.,* 883 F.2d 339 (5th Cir.1989); *Webster v. Sowders,* 846

F.2d 1032 (6th Cir.1988). Contra, *Rosenfeld v. United States*, 859 F.2d 717 (9th Cir.1988). Because awards of fees are separate judgments for purposes of § 1291, the *Cohen* "collateral order" doctrine is not a neat fit. An award is collateral to the merits, but the final award is independently appealable and an interim award is not "collateral" to *that* decision. *Forgay*, which allowed an appeal when the judge directed an immediate transfer of property, may offer the better analogy. Awards of interim fees compel payment in mid-litigation, with chancy prospects of recoupment at the end, the sort of situation *Forgay* contemplated. See *O D C Communications Corp. v. Wenruth Investments*, 826 F.2d 509, 513–16 (7th Cir.1987) (discussing the "irreparable harm" component of appellate jurisdiction under *Forgay*).

■ Sailing is not smooth for these parties, however. Plaintiffs were not required to pay anything; they do not face a risk of irreparable injury in paying now and being unable to recover later. If at the end of the case the court determines that *Delaware Valley* allows a risk multiplier, counsel can be fully compensated, including interest to cover the time value of money. They prefer money now to money later, but the difference is not an irreparable loss and does not allow immediate appeal. *Yakowicz v. Pennsylvania*, 683 F.2d 778, 783 (3d Cir.1982). Perhaps plaintiffs believe that their appeal can ride pendent to the Board of Education's. *Abney v. United States*, 431 U.S. 651, 662–63, 97 S.Ct. 2034, 2041–42, 52 L.Ed.2d 651 (1977), puts a hurdle in the way, but there is an even steeper one: timeliness.

■ Judge Roszkowski made his interim award in February 1990 and refined it in April. Neither side filed a notice of appeal until early October, well after the 30 days allowed by Fed.R.App.P. 4(a)(1). October would be plenty of time if the appeals were taken from the order of September 25. Yet the judge did not *make* the collateral order in September; he *certified* an earlier order under § 1292(b).

The dispositive question becomes whether the reentry of a collateral order (if that is the best way to characterize the action in September) restarts the time for appeal. It does not. *Weir v. Propst*, 915 F.2d 283 (7th Cir.1990). The court denied a motion to dismiss in *Weir*. That denial was immediately appealable because the defendants wanted the court to recognize their immunity from suit. After the time for appeal had run, the defendants asked the court to certify the order for interlocutory appeal under § 1292(b). We explained: "The deadlines in Rule 4(a) for appeals in civil cases apply to all appealable orders, including collateral orders.... If the deadline is missed, the order is not appealable. The [party] must wait until another appealable order (normally, the final judgment) is entered, upon appeal of which he can challenge any interlocutory order that has not become moot." *Weir*, 915 F.2d at 286 (citations omitted). See also, e.g., *Zayas–Green v. Casaine*, 906 F.2d 18 (1st Cir. 1990).

■ One remaining possibility is that the joint petition filed on June 8 is an informal request to extend the time for appeal, filed within 60 days of the order of April 11, and that the district court's action in September is equivalent to an extension under Fed.R. App.P. 4(a)(5). Whether cases treating documents filed during the time allowed for appeal as "informal" notices survive *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), is an interesting question, but not one with which we must grapple. Neither side contends that this is the proper characterization. An extension under Rule 4(a)(5) after the 30 days have expired depends on a demonstration of "excusable neglect", *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228 (7th Cir.1990), which the parties have not supplied; the judge did not find that there was excusable neglect. Treating papers as "informal" notices of appeal is one way to protect the interests of unrepresented persons; both sides in this case are upholstered with lawyers. Moreover, an extension under Rule 4(a)(5) that comes after the 60 days have expired may not run more than 10 days past the date of the order. Neither notice of appeal

was filed within 10 days of the September 25 order. So the notices are untimely even if the parties receive the benefit of every conceivable doubt.

The petition for leave to appeal under § 1292(b) is denied. The appeals are dismissed for want of jurisdiction.