930 F.2d 25
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
LAW OFFICES OF BERYL A. BIRNDORF, Plaintiff-Appellee,
v.
Ruth JOFFE, Defendant-Appellant.
 No. 90-2745.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 14, 1991.
Decided April 11, 1991.
 
 Before COFFEY and EASTERBROOK, Circuit Judges and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 We must decide whether appellate jurisdiction exists to review an award of attorney's fees in a statutory interpleader action, 28 U.S.C. Sec. 1335, even though the District Court's Order dividing the fund deposited with the Court does not entirely exhaust the fund. We conclude this appeal does not satisfy the requirements of the collateral order doctrine and accordingly dismiss.
 
 FACTUAL BACKGROUND
 
 2
 This is a statutory interpleader action. The appellee, Law Offices of Beryl A. Birndorf ("Birndorf"), deposited a fund with the District Court and requested attorney's fees as a disinterested stakeholder, see Prudential Ins. Co. of America v. Boyd, 781 F.2d 1494, 1497 (11th Cir.1986) (holding that a district court may award attorney's fees to the plaintiff who initiates an interpleader action as a disinterested stakeholder). The District Court found Birndorf was disinterested and awarded attorney's fees to be paid out of the fund. The Court also attempted to award the balance of the fund to the appellant, Ruth Joffe ("Joffe"). But the Court awarded a specific dollar figure to Joffe and did not account for the interest that had accrued on the fund since it had been deposited with the Court. And so, the Court's Order disbursing two specific dollar amounts (to Birndorf and to Joffe) left a portion (the accrued interest) of the fund untouched by the Order.
 
 
 3
 Joffe has appealed the award of fees to Birndorf, contending that Birndorf was not a disinterested stakeholder. Neither party has discussed whether the fact that the fund has not been entirely exhausted precludes us from reviewing the award of attorney's fees because we do not have before us a final order from the District Court, see 28 U.S.C. Sec. 1291. But we have reached the issue sua sponte and conclude jurisdiction does not exist.
 
 ANALYSIS
 
 4
 It is axiomatic that we have jurisdiction to review only final orders (with a few notable exceptions, see, e.g., 28 U.S.C. Sec. 1292(b)) from district courts. A final order "ends the litigation on the merits and leaves nothing for the court to do but execute judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978). Admittedly, not much remains for the District Court to do in this case. But the award before us does not end the litigation on the merits because there remains a portion of the fund undistributed. The parties must return to the District Court to have the remainder allocated. Therefore, the District Court's Order, although nearly so, is not a final one.
 
 
 5
 But federal courts of appeals do not adhere to "a rigid insistence on technical finality." Id. at 471. Instead, appellate jurisdiction exists over a small class of appeals from nonfinal judgments that have come to be known as collateral final orders. In Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949), the Supreme Court recognized that an appellate court may decide a collateral order when the order conclusively determines a disputed question, is unrelated to the merits of the underlying litigation and is essentially unreviewable in an appeal from a final judgment. See Coopers, 437 U.S. at 468.[1]
 
 
 6
 The interim award of fees before us fails the third prong of the Cohen doctrine: We do not believe this award is essentially unreviewable in an appeal from a final judgment. In deciding the appealability of interim fee awards, our Circuit has interpreted the "essentially unreviewable" element as meaning that the harm the interim award "threatens to inflict on the party seeking to appeal must not be preventable by appealing at the end of the case; in other words, the appellant must show irreparable harm. If there is a unifying theme to the complex rules governing the appeal of interlocutory orders within the federal system, it is that such orders are appealable only when they threaten irreparable harm." Palmer v. City of Chicago, 806 F.2d 1316, 1318 (7th Cir.1986), cert. den., 481 U.S. 1049 (1987). See also Richardson v. Penfold, 900 F.2d 116, 117-18 (7th Cir.1990); Mulay Plastics, Inc. v. Grand Trunk Western R.R. Co. 742 F.2d 369, 370-71 (7th Cir.1984), cert. den., 470 U.S. 1037 (1985). In general, interim fee awards in cases like this do not cause irreparable harm unless the appellant shows there is a danger the fee cannot be retrieved at the end of the litigation if it be determined that it was erroneously awarded. Lac Courte Oreilles Bank of Lake Superior Chippewa Indians v. Wisconsin, 829 F.2d 601, 602 (7th Cir.1987); Shipes v. Trinity Indus., Inc., 883 F.2d 339, 342-45 (5th Cir.1989); Rosenfeld, 859 F.2d at 720-22; Hastings v. Maine-Endwell Cent. School Dist., 676 F.2d 893, 896 (2d Cir.1982); see People Who Care, 921 F.2d at 134. But Joffe has never asserted that any risk exists that the fee awarded to Birndorf will be uncollectible at a later date.[2] And so, the third requirement of the collateral order exception is not satisfied.
 
 
 7
 Because we do not have jurisdiction to hear this appeal under 28 U.S.C. Sec. 1291, the appeal is DISMISSED.
 
 
 
 [1]
 The seeds of the collateral order doctrine can be found in an earlier Supreme Court case deciding whether an award of attorney's fees could be reviewed absent a final order. In Trustees v. Greenough, 105 U.S. 527 (1881), the Court held that when a portion of a fund held by a court for the benefit of others is ordered to be paid as attorney's fees, appellate jurisdiction to review the fee award may exist notwithstanding that the fund has not been exhausted. The Court, although not giving a name to the doctrine it had created, considered vital to its decision the same factors that persuaded the Court to recognize the collateral order doctrine in Cohen. It is thus generally accepted that Trustees is a precursor to the well known doctrine we apply today. See Gilles v. Burton Constr. Co., 736 F.2d 1142, 1145 (7th Cir.1984); Swanson v. American Consumer Indus., Inc., 517 F.2d 555, 560 (7th Cir.1975); Seigal v. Merrick, 619 F.2d 160, 164 n. 7 (2d Cir.1980). In our view, Trustees does not provide any greater authority to review interim fee awards than Cohen allows. And so, we answer the jurisdictional question by looking to Cohen. Compare People Who Care v. Rockford Bd. of Educ., 921 F.2d 132, 134-35 (7th Cir.1991); Sandwiches, Inc. v. Wendy's Int'l, Inc., 822 F.2d 707, 710-11 (7th Cir.1987); Rosenfeld v. United States, 859 F.2d 717, 720-22 (9th Cir.1988); Callister v. Ingersoll-Rand Fin. Corp., 673 F.2d 305, 307 (10th Cir.1982) (applying Cohen to an interim award of fees to a debtor's attorney in a bankruptcy case); In re Yermakov, 718 F.2d 1465, 1469 (9th Cir.1983) (agreeing with Callister, supra ); Dardar v. Lafourche Realty Co., Inc., 849 F.2d 955, 957-59 (5th Cir.1988); Ruiz v. Estelle, 609 F.2d 118, 119-20 (5th Cir.1980); McGill v. Secretary of Health and Human Serv., 712 F.2d 28, 29-30 (2d Cir.1983), cert. den., 465 U.S. 1068 (1984); Yakowicz v. Pennsylvania, 683 F.2d 778, 782-84 (3d Cir.1982); but see Bradford Exchange v. Trein's Exchange, 644 F.2d 682, 683 (7th Cir.1981) (indicating in dicta that appeals from nonfinal judgments in common fund cases may be more loosely heard than in other cases, with no discussion of the collateral order doctrine and no explanation of the reasons behind its statement)
 
 
 [2]
 For much the same reason, the award here is not appealable under the "hardship" exception announced by the Supreme Court in Forgay v. Conrad, 47 U.S. 201, 204 (1848) (permitting an appeal if the court orders the immediate turnover of property, subjecting the appellant to irreparable harm if she must wait until the end of the litigation to appeal). Joffe has offered no evidence of irreparable harm. Compare People Who Care, 921 F.2d at 135; Rosenfeld, 859 F.2d at 722