**ESTATE OF Eric L. DRAYTON, et al., Plaintiffs–Appellants,**

v.

**Mike NELSON, in his individual capacity as a deputy sheriff of Marion County, et al., Defendants–Appellees.**

No. 94–2217.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 16, 1994.

Decided Dec. 27, 1994.

Douglas M. Grimes (argued), Richard G. Hatcher, Gary, IN, for Estate of Eric L. Drayton, by its administrator Zeke Drayton, plaintiff-appellant.

Andrew P. Wirick, CC, MaryAnn G. Oldham, Office of the Corp. Counsel, City Counsel Legal Div., John C. Ruckelshaus, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, IN, for Mike Nelson, William Ryan.

Andrew P. Wirick, CC, MaryAnn G. Oldham, Office of the Corp. Counsel, City Counsel Legal Div., Indianapolis, IN, for Francis W. Price.

Andrew P. Wirick, CC, MaryAnn G. Oldham, Dale R. Simmons (argued), Office of the Corp. Counsel, City Counsel Legal Div., Indianapolis, IN, for Marion County.

Before POSNER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

POSNER, Chief Judge.

The estate of Eric Drayton, and Drayton's survivors, claiming that he had been shot to death by deputy sheriffs of Marion County, Indiana, brought this suit against the deputy sheriffs and others, including the County itself, seeking damages under section 1 of the Civil Rights Act of 1871, now 42 U.S.C. § 1983. The district judge granted judgment on the pleadings for the County and awarded it attorney's fees of $906.25, from which the plaintiffs appeal. The first issue is our jurisdiction.

The order of the district court granting judgment on the pleadings to the County was not a final, appealable order, because the suit remained pending against the other defendants. (It is still pending against them.) The judge could have en-

tered a separate, final, appealable judgment for the County under Fed.R.Civ.P. 54(b), but he did not. He did enter a Rule 54(b) judgment for the attorney's fees, but the efficacy of that entry could be questioned. Rule 54(b) does not give district judges carte blanche to make interlocutory orders final and therefore appealable. It merely empowers them to make appealable orders that finally dispose of a separate claim or separate party. Without a Rule 54(b) judgment in favor of the County, the County remained a party to the case. Ordinarily an award of attorney's fees in a case that has not been completed is merely an interim award of fees, and an interim award of fees is interlocutory and nonappealable unless the award is made in circumstances in which the party against whom the award is made will not be able to get his money back if he prevails at the end of the case and the award is vacated then. *People Who Care v. Rockford Board of Education,* 921 F.2d 132, 134 (7th Cir.1991); *Richardson v. Penfold,* 900 F.2d 116, 118 (7th Cir.1990); *Palmer v. City of Chicago,* 806 F.2d 1316, 1319 (7th Cir.1986). Apart from this exception, an interim award of fees cannot be thought the final disposition of a separate claim, and therefore Rule 54(b) cannot be used to make the award appealable.

We are mindful that a proceeding to obtain an award of attorney's fees is separate from the underlying suit in which the fees were incurred. *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988); *Leahy v. Board of Trustees,* 912 F.2d 917, 923 (7th Cir.1990). But this means only that a *final* award of fees would be an appealable final decision even if for some reason the underlying suit had not been resolved. That would be a peculiar—indeed ordinarily an impossible—sequence, since until the underlying suit is resolved any entitlement to fees is, ordinarily at least, provisional. But our point is only that an *interim* award of fees is no more appealable than any other interlocutory order, which is to say that, unless the exception we mentioned is applicable, it is not appealable at all.

 But we do not think the award of fees to Marion County is properly classified as an interim fee award. An "interim" award implies the possibility that it can be reexamined and altered later in the proceeding—whether increased later because the lawyers had done more work or vacated because they had lost the case. No such possibility exists here. The premise of the award is that the suit against Marion County is frivolous because the Sheriff of Marion County is not employed by the County but is instead an independent official for whose acts the County bears no responsibility under the law of Indiana. Nothing that happens in the remaining litigation against the other defendants, the non-County defendants, could alter this premise. When the case is finally wound up in the district court, a formal judgment dismissing Marion County will be entered without reexamination of whether naming the County as a defendant was a frivolous act. Since as a practical if not formal matter the County is out of the case, there will be no occasion for it to seek an augmentation of the fee award, either.

Life is full of surprises, so for all we know something may happen between now and the final decision in the litigation to cause the district judge to reopen the question of the fee award to Marion County. But a slight possibility that an order is not the last word of the district court—a possibility that is always present since the court might grant a postjudgment motion to alter, amend, or vacate the judgment—does not defeat finality. *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 277, 108 S.Ct. 1133, 1137, 99 L.Ed.2d 296 (1988); *In re Continental Illinois Securities Litigation,* 732 F.2d 1302, 1307 (7th Cir.1984); *United States v. Bertoli,* 994 F.2d 1002, 1011 (3d Cir.1993). The possibility here is so slight that we feel comfortable in treating the award of fees as a final rather than an interim order. Of course it would have been better because clearer if the district judge had used his power under Rule 54(b) to enter judgment for the County on the merits as well as on fees, and we commend that route in future such cases. But we have jurisdiction, and so let us turn to the merits. We can be extremely brief. Marion County has no authority over the Sheriff and his deputies, *Radcliff v. County of Harrison,* 618 N.E.2d 1325, 1328 (Ind.App.1993), aff'd.

in part, vacated in part on other grounds, 627 N.E.2d 1305 (Ind.1994); *Carver v. Crawford,* 564 N.E.2d 330 (Ind.App.1990); cf. *Thompson v. Duke,* 882 F.2d 1180, 1187 (7th Cir. 1989), and therefore cannot be blamed for any deficiency in the training or supervision of the defendant deputy sheriffs that may have been responsible for the alleged shooting. (We emphasize "alleged"; the defendants' version is that Drayton shot himself.) As there is no doubt at all about the relation between the County and the Sheriff, the naming of the County was not only a mistake; it was a mistake that no competent lawyer should have made. The award of attorney's fees to the County was therefore no abuse of discretion.

AFFIRMED.