91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lewis BLANTON, Plaintiff-Appellant,
v.
STATE OF INDIANA, et al., Defendants-Appellees.
 No. 94-1344.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 16, 1996.*
Decided July 18, 1996.
 
 Before CUMMINGS, COFFEY, and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Lewis Blanton, proceeding pro se, filed a complaint under 42 U.S.C. §§ 1983, 1985 and 1986, seeking relief for alleged violations of his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. The action was dismissed both on summary judgment grounds and on the pleadings. This appeal follows. We affirm.
 
 
 2
 Blanton filed a complaint against a number of defendants, requesting relief for alleged constitutional violations arising out of two searches of his residence, the revocation of his liquor license, and inadequate medical treatment and neglect while being held at the Marion County Jail.[1] As best can be determined from the record before us, these events were all related to Blanton's participation in a scheme involving the receipt of stolen property at the Runway Inn, an Indianapolis establishment owned by Blanton and his wife, Joyce Blanton. The facts alleged in Blanton's second amended complaint follow.
 
 
 3
 In the early afternoon of March 13, 1991, Blanton discovered that his residence at 17 and 19 North Beville in Indianapolis, Indiana had been entered by several Indianapolis police officers--Thomas Black, Steven Dubois, Michael Bates, Michael Elder, Kevin Kinne, Terry Hall, and Richard Stevens. Apparently, the officers were searching Blanton's residence for various items of stolen property. Although the officers had a warrant, it authorized a search of 17 N. Beville only. While at Blanton's residence, the officers searched outside the scope of the warrant and unlawfully seized several items of personal property. In subsequent state-court proceedings, the property seized was ordered to be returned. However, several items of property were either not returned or returned in a damaged and unusable condition.. Officer Black was responsible for obstructing Blanton's attempts to recover his property.
 
 
 4
 Greg Garrison, a private attorney, conspired with the Indiana Alcoholic Beverage Commission to take Blanton's liquor license and sell it without a hearing.[2] Officer Thomas Black was also responsible for the loss of Blanton's liquor license by committing perjury in various courtrooms with the intent to "get" Blanton.
 
 
 5
 Blanton was held in the Marion County Jail in April of 1991.[3] While in jail, Blanton had a heart attack and was allowed to lie on the floor of his cell for over two hours before receiving any medical attention. Blanton was taken to a hospital for treatment. However, when he returned to the Marion County Jail, he was not provided with the follow-up treatment recommended by the doctors who treated him at the hospital. In fact, Blanton did not receive any medical attention upon his return. During the time of the heart attack, Blanton lost his lower dentures. They have not been recovered. Blanton was released from jail on house arrest after a state-court determination that he was not receiving proper medical attention. However, when Blanton was released, it was three a.m., the temperature was thirty-two degrees fahrenheit, and he had to walk out of the Marion County Jail barefoot because his shoes had been lost.
 
 
 6
 On October 29, 1992, officers Dubois and Bates executed another search warrant for Blanton's home. During the search, Bates seized a depth finder. Blanton and his wife informed Bates that the depth finder had already been seized and then returned, following state-court proceedings. The depth finder, along with much of the property seized during the March 13, 1991 search, cannot be found anywhere in the police department.
 
 
 7
 Based on these factual allegations, Blanton requested relief under 42 U.S.C. §§ 1983, 1985, and 1986 for violations of his rights secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Specifically, Blanton argued that his right to equal protection, due process, free speech, his right to privacy, and his right to be free from an unlawful search and seizure had been violated. Blanton requested injunctive relief, compensatory and punitive damages, and recovery of the property seized but not yet returned to him.
 
 
 8
 The State of Indiana filed a motion to dismiss with prejudice, which was granted by the district court. Greg Garrison filed a motion for summary judgment. The district court entered summary judgment in favor of Garrison and against Blanton. The remaining defendants filed a motion to dismiss. This motion was granted by the district court. Blanton's appeal follows.
 
 
 9
 On appeal, Blanton does not challenge the district court's dismissal of his claims under 42 U.S.C. §§ 1985 and 1986, or its dismissal of his request for declaratory and injunctive relief. Accordingly, we will not examine the district court's dismissal of these claims but will proceed with a review of the district court's dismissal of Blanton's claims for monetary damages under § 1983.
 
 
 10
 With the exception of his claim against Greg Garrison, Blanton's complaint was dismissed on the pleadings, Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) is reviewed de novo, assuming the truth of the allegations and making all reasonable inferences in the plaintiff's favor. Murphy v. Walker, 51 F.3d 714, 717 (7th Cir.1995) (citing Arazie v. Mullane, 2 F.3d 1456, 1465-66 (7th Cir.1993)). Since Blanton's complaint was filed without counsel, it is entitled to a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). We review the district court's grant of summary judgment de novo. Summary judgment is appropriate when the pleadings, affidavits, and other submissions before the district court demonstrate that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 I. State of Indiana
 
 11
 Blanton named the State of Indiana as a defendant. However, Indiana is immune from suit under the Eleventh Amendment. Kentucky v. Graham, 473 U.S. 159, 169 (1985). The State of Indiana has not waived its immunity from federal actions brought under § 1983, See Meadows v. State of Indiana, 854 F.2d 1068, 1069-70 (7th Cir.1988), and Congress has not abrogated this immunity, Quern v. Jordan, 440 U.S. 332, 338-45 (1979). Additionally, the state has not consented to this suit. The State of Indiana was properly dismissed from Blanton's complaint.
 
 II. Municipal and Official Capacity Claims
 
 12
 Blanton requests relief under § 1983 against the Marion County Sheriff's Department, and various employees of both that Department and the Indianapolis Police Department in their official capacities. In order to obtain § 1983 relief against a municipality, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 691 (1978). Blanton has not alleged that any of the constitutional violations set forth in his complaint were the result of an official policy, custom, or practice of any local governmental entity. Accordingly, his claim against the Marion County Sheriff's Department was properly dismissed.[4] Since claims against municipal employees in their official capacity are treated as suits against the municipality itself, Kentucky v. Graham, 473 U.S. 159, 165-66 (1985), Monell is equally applicable to Blanton's official capacity claims. Hence, the dismissal of his official capacity claims was likewise appropriate.
 
 III. Claims Against Individuals
 
 13
 We now proceed with Blanton's claims against the remaining defendants--his individual capacity claims against Joseph McAtee, the Sheriff of Marion County, and various officials of the Indianapolis Police Department, and his claim against Greg Garrison.
 
 A. Joseph McAtee
 
 14
 Blanton claims that because of improper medical treatment and neglect while detained at the Marion County Jail, he is entitled to § 1983 relief from Joseph McAtee, Sheriff of Marion County.
 
 
 15
 Under the Eighth Amendment, prison officials have a duty to "provide humane conditions of confinement; ... [to] ensure that inmates receive adequate food, clothing, shelter and medical care, and [to] 'take reasonable measures to guarantee the safety of the inmates...." Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). We note, however, that the Eighth Amendment is applicable only to convicted prisoners. It is not clear from Blanton's pleadings whether he was at the Marion County Jail as a convicted prisoner or a pre-trial detainee. However, even if Blanton was only a pre-trial detainee, under the due process clause of the Fourteenth Amendment, he would be entitled to, at the very least, the same protections afforded convicted prisoners under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 534-35 (1979); Zarnes v. Rhodes, 64 F.3d 285, 289 (7th Cir.1995).
 
 
 16
 In any event, Blanton's claim against McAtee was properly dismissed. In order to recover damages against an individual under § 1983, a plaintiff must allege personal involvement in the claimed deprivation of a constitutional right. Rascon v. Hardiman, 803 F.2d 269, 274 (7th Cir.1986). "[A]n official meets the 'personal involvement' requirement when 'she acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent.' " Black v. Lane, 22 F.3d 1395, 1401 (7th Cir.1994) (quoting Smith v. Rowe, 761 F.2d 360, 369 (7th Cir.1985)). Blanton alleges that McAtee was responsible for his care while he was in the Marion County Jail. However, he does not allege that McAtee had any personal knowledge of his treatment or medical condition. Blanton has made no attempt to amend the complaint to allege the personal involvement of McAtee or of any other official at the Marion County Jail. The district court's dismissal of this claim therefore will not be disturbed.
 
 B. Indianapolis Police Officers
 
 17
 In his complaint, Blanton requests relief for the confiscation and destruction of his property by several Indianapolis Police Officers during two searches of his house. Blanton names Paul Anee, Chief of Police of the Indianapolis Police Department, and the Indianapolis police officers involved in the allegedly illegal searches as defendants here. Although the particular constitutional provision (or provisions) relied upon for § 1983 relief was not specified in Blanton's complaint, the district court construed this request for relief solely as a procedural due process claim. The court then properly found no unconstitutional deprivation of process.
 
 
 18
 As a general rule, the constitution requires some type of hearing before an individual can be deprived of life, liberty, or property by a government official acting under color of state law. Zinermon v. Burch, 494 U.S. 113, 127 (1990). Under certain circumstances, however, "a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation [will satisfy] due process." Id. at 128. Specifically, an intentional and unauthorized deprivation "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 19
 The defendants in the instant case were not acting pursuant to any established municipal or state procedure. Rather, as Blanton alleges, they were "pursuing a random, unauthorized personal vendetta" against Blanton. Zinermon, 494 U.S. at 130 (citing Hudson, 468 U.S. at 521 n. 2.) The unlawful search of 19 N. Beville and illegal seizure of Blanton's property, and the intentional obstruction of Blanton's attempt to retrieve his property could not have been foreseen or prevented. Accordingly, adequate postdeprivation remedies will suffice.
 
 
 20
 Blanton admits that he retrieved some of his property through state-court proceedings. More importantly, Blanton had a sufficient remedy under the Indiana Tort Claims Act. Hossman v. Spradlin, 812 F.2d 1019, 1023 (7th Cir.1987); Hanson v. Vigo County Bd. of Comm'rs, 659 N.E.2d 1123, 1125 (Ind.Ct.App.1996). Therefore, he was not deprived of procedural due process.[5]
 
 
 21
 Blanton also alleges that Officer Thomas Black committed perjury in the forfeiture proceedings in an attempt to deprive Blanton of his liquor license. Government officials who testify in judicial proceedings concerning matters within the scope of their official duties are not subject to liability under § 1983. Briscoe v. LaHue, 460 U.S. 325, 326 (1983). Blanton does not argue that Black's perjury occurred outside the scope of his duties as a police officer. He only argues that Black should not have been allowed to commit perjury. As the Briscoe court explained, "[s]ubjecting governmental officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties." Id. at 335-36. Blanton's individual capacity claims against Paul Anee, and the various Indianapolis police officers named as defendants were properly dismissed.
 
 C. Greg Garrison
 
 22
 Finally, Blanton requests relief against Greg Garrison, a private attorney, for an alleged conspiracy with the Indiana Alcoholic and Beverage Commission to take Blanton's liquor license and sell it without a hearing. We affirm the dismissal of this claim on the grounds that the district court lacked subject matter jurisdiction by virtue of the Rooker-Feldman doctrine. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court Appeals v. Feldman, 460 U.S. 462 (1983). Since Rooker-Feldman concerns the jurisdiction of the district court and, therefore, the jurisdiction of this court, it is appropriate for the court to raise the issue sua sponte. See Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir.1996).
 
 
 23
 "The Rooker-Feldman doctrine dictates that federal district courts lack jurisdiction to review decisions of state courts." Levin v. Attorney Registration and Disciplinary Comm'n of the Supreme Court of Illinois, 74 F.3d 763, 766 (7th Cir.1996). Engaging in impermissible review may occur when a district court is asked to entertain a claim that was not argued in the state court but is "inextricably intertwined" with the state court judgment. Id. A claim is "inextricably intertwined" with the state court judgment where "granting relief would effectively void the state court ruling." Id.
 
 
 24
 Blanton lost his liquor license following forfeiture proceedings in the Marion County Superior Court. Blanton's claim could have merit only if the superior court's decree of forfeiture were invalidated. Since Blanton's claim constitutes a challenge to a state-court decision, the Rooker-Feldman doctrine compels dismissal of Blanton's claim against Garrison for lack of subject matter jurisdiction.[6]
 
 
 25
 In his complaint, Blanton also alleges that he is entitled to relief for violations of his right to equal protection, freedom of speech, and right to privacy. However, in dismissing his complaint, the district court did not address the merits of any of these claims. Blanton does not argue that the facts set forth in his complaint provide support for any of these alleged constitutional violations. Accordingly, we will not consider these claims.
 
 
 26
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record
 
 
 [1]
 After amending his complaint twice, Blanton named the following defendants: the State of Indiana; the Marion County Sheriff's Department; Joseph McAtee, Sheriff of Marion County in his individual and official capacity; Paul Anee, as Chief of Police of the City of Indianapolis, Indiana in his individual and official capacity; Indianapolis Police Officers Thomas Black, Steven Dubois, Michael Bates, Michael Elder, Kevin Kinne, Terry Hall, and Richard Stevens, in their individual and official capacities; and Greg Garrison
 We note that a sizeable group of defendants, which included various Indiana Prosecutors, and the Indiana Alcoholic Beverage Commission and several of its employees, were named in the first amended complaint but were omitted from the second amended complaint. Since these defendants were dropped from the complaint, they were properly dismissed from the action.
 
 
 [2]
 Garrison is a private attorney who represented the Marion County Prosecutor in civil forfeiture proceedings against Blanton, his wife, and Runway, Inc. Blanton and his wife owned Runway, Inc., otherwise known as the Runway Inn which was located at 2326 East Washington Street in Indianapolis, Indiana. Following civil forfeiture proceedings related to the discovery of stolen property at the Runway Inn, Blanton lost all assets of Runway, Inc., including his liquor license
 
 
 [3]
 Apparently Blanton's detention in the Marion County Jail was in connection with the discovery of stolen property at the Runway Inn
 
 
 [4]
 The Marion County Sheriff's Department argues that it is merely a "vehicle" of Marion County and, therefore, is not a suable entity. However, as this court has noted, Marion County has no authority over officials employed by the Marion County Sheriff's Department. Estate of Drayton v. Nelson, 53 F.3d 165, 167 (7th Cir.1994). It would follow, then, that a claim for relief from the actions of officials of the Marion County Sheriff's Department would be more appropriately brought against the Sheriff Department rather than Marion County. In any event, Blanton's claim against the Sheriff Department fails for failure to allege any municipal policy, custom, or practice
 
 
 [5]
 In his complaint, Blanton additionally requested relief under the Fourth Amendment. The alleged illegal searches of his residence and seizure of property might provide grounds for such a claim. However, the district court construed Blanton's request for relief for the confiscation of personal property solely as a claim for relief under due process clause of the Fourteenth Amendment. Blanton does not argue on appeal that the district court erred in failing to recognize a Fourth Amendment claim. Nor have the appellees briefed the issue. Accordingly, we will not consider the merits of such a claim
 
 
 [6]
 Blanton argues that the civil forfeiture proceedings concerning the liquor license owned by Runway, Inc. did not address the status of another liquor license owned by him through a second corporation, 2326, Inc. Blanton now claims that this second license was revoked without due process. The record is far from clear regarding the distinction between Runway, Inc. and 2326, Inc. and the liquor licenses allegedly owned by each corporation. Regardless of this ambiguity, the judgment of forfeiture issued by the Marion County Superior Court decreed the forfeiture of all assets of both Runway, Inc. and 2326, Inc