United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued September 6, 2000 Decided October 6, 2000 

 No. 99-7228

 Nikita Shonta Petties, et al., 
 Appellees

 v.

 District of Columbia, et al., 
 Appellants

 Appeal from the United States District Court 
 for the District of Columbia 
 (No. 95cv00148)

 Lutz Alexander Prager, Assistant Deputy Corporation 
Counsel, argued the cause for appellants. With him on the 
briefs were Robert R. Rigsby, Corporation Counsel, and 
Charles L. Reischel, Deputy Corporation Counsel.

 James L. Feldesman argued the cause for appellees. With 
him on the brief was Tanya A. Harvey. Jennifer P. Rosen-
berg entered an appearance.

 Before: Edwards, Chief Judge, Ginsburg, and Tatel, 
Circuit Judges.

 Opinion for the Court filed by Circuit Judge Ginsburg.

 Ginsburg, Circuit Judge: The district court issued interim 
awards of attorneys' fees to plaintiffs in this ongoing class 
action suit against the District of Columbia for failing to 
comply with the Individuals with Disabilities Education Act 
(IDEA). Pursuant to Federal Rule of Civil Procedure 54(b), 
the district court certified two of those interim awards for 
immediate appeal. We conclude that this court lacks jurisdic-
tion to review the awards for want of either a final or a 
collateral order.

 I. Background

 The plaintiff children instituted a class action against the 
District of Columbia in January, 1995, stating a cause of 
action under 42 U.S.C. s 1983 based upon the District's 
noncompliance with the IDEA, 20 U.S.C. ss 1400 et seq. In 
March, 1995 the district court preliminarily enjoined the 
District to fund private school placements that would meet 
the special educational needs of the plaintiffs. In July, 1995 
the plaintiffs amended their complaint to allege continuing 
violations by the District.

 Between April and September 1995 the district court issued 
a series of injunctions and contempt orders in an effort to 
bring the District into compliance with the IDEA. See 
Petties v. District of Columbia, 897 F. Supp. 626, 627-28 
(D.D.C. 1995). In June, 1995 the plaintiffs, in order to 
finance this continuing litigation, began filing quarterly mo-
tions for attorneys' fees. Their first 14 such motions, which 
the District did not oppose, were based upon the provision for 
attorneys' fees in the IDEA.

 In October, 1998 the Congress passed the D.C. Appropria-
tions Act of 1999, s 130 of which limited the attorneys' fees 
the District could pay (per hour and per case) under the 
IDEA in Fiscal Year 1999. The District then sought to 
vacate the order granting the plaintiffs' fourteenth motion for 

attorneys' fees, and contested the plaintiffs' fifteenth and 
sixteenth such motions, maintaining that the district court 
may not award fees in excess of the amounts specified in the 
Appropriations Act. The plaintiffs responded that they are 
entitled to recover reasonable attorneys' fees pursuant to 42 
U.S.C. s 1983 and the Rehabilitation Act of 1973, 29 U.S.C. 
s 794, rather than the IDEA.

 The district court agreed. The court reasoned that the 
plaintiffs' case must have been brought under s 1983, as 
stated in the amended complaint, because the suit could not 
have been brought under the IDEA; the "plaintiffs were not 
aggrieved by decisions that were made .... by the hearing 
officers" under the IDEA, but by the District's failure to 
discharge its already-adjudicated obligations. Recognizing 
the urgency to the parties of the attorneys' fee issue, the 
district court opined that "if either side wants to go to the 
Court of Appeals, th[en] they ought to be able to do it sooner 
rather than later." Pursuant to Rule 54(b), therefore, the 
court gave "an express direction for the entry of judgment" 
on plaintiffs' fifteenth and sixteenth motions for attorneys' 
fees and made an "express determination that there is no just 
reason for delay."

 The District of Columbia appealed that judgment (No. 
99-7228) and separately appealed from the following orders 
concerning the fourteenth, fifteenth, and sixteenth motions 
for attorneys' fees: the initial orders to pay the awards (No. 
99-7109); the order lifting the stay of the District's obli-
gations to pay portions of the awards not in dispute (No. 
99-7194); and the order certifying the fifteenth and sixteenth 
awards for interlocutory appeal pursuant to 28 U.S.C. 
s 1292(b) (No. 99-8004). A motions panel of this court 
denied leave to pursue the interlocutory appeal (No. 99-8004) 
and dismissed the two appeals (Nos. 99-7109 and 99-7194) 
that the district court had not certified under Rule 54(b), 
holding that the fourteenth, fifteenth, and sixteenth orders to 
pay attorneys' fees "are not final nor do they fall within the 
collateral order doctrine, see Coopers & Lybrand v. Livesay, 
437 US 463, 468 (1978), because they will be reviewable upon 
entry of a final judgment." Petties v. District of Columbia, 

1999 U.S. App. LEXIS 34733, at *2. At the same time the 
panel directed the parties to brief the question whether this 
appeal (No. 99-7228) was properly certified under Rule 54(b).

 II. Analysis

 Rule 54(b) authorizes the district court to "direct the entry 
of a final judgment as to one or more but fewer than all of the 
claims [in an action] ... upon an express determination that 
there is no just reason for delay." The rule thus permits the 
district court to "function[ ] as a 'dispatcher,' determining in 
its sound discretion when a claim should proceed on to 
appellate resolution and when it should await its fellows." 
Taylor v. FDIC, 132 F.3d 753, 760 (D.C. Cir. 1997).

 At the same time, the rule "does not relax the finality 
required of each decision, as an individual claim, to render it 
appealable"; it simply permits the appeal of a claim as to 
which the district court has reached a final judgment while 
other claims remain to be resolved in the district court. 
Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956). In 
other words, the district court "cannot, in the exercise of its 
discretion, treat as 'final' that which is not 'final' within the 
meaning of [28 U.S.C.] s 1291." Id. at 437 (emphasis delet-
ed). Nor can this court, notwithstanding the district court's 
certification per Rule 54(b), properly review "a judgment that 
is not final by ordinary standards." Taylor, 132 F.3d at 760 
n.2.

 The Supreme Court has recognized but a single variation 
on the theme of finality, namely, the collateral order doctrine. 
To qualify, an "order must [1] conclusively determine the 
disputed question, [2] resolve an important issue completely 
separate from the merits of the action, and [3] be effectively 
unreviewable on appeal from a final judgment." Coopers & 
Lybrand v. Livesay, 437 U.S. 463, 468 (1978).

 A motions panel of this court has already determined, 
however, that the fifteenth and sixteenth orders at issue in 
this case "are not final nor do they fall within the collateral 
order doctrine, see Coopers & Lybrand v. Livesay, 437 U.S. 
463, 468 (1978), because they will be reviewable upon entry of 

a final judgment." Petties, 1999 U.S. App. LEXIS 34733, at 
*2. Does it matter that this particular appeal has been 
certified by the district court under Rule 54(b)? That is the 
question the motions panel put to the parties, and we now 
answer it in the negative. Indeed, the prior panel's own 
decision dooms this appeal. Under this court's practice, a 
decision of the motions panel is the law of the case; a later 
panel considering the merits is bound by that law. See 
Taylor, 132 F.3d at 761. Because the motions panel has 
determined that the interim awards of attorneys' fees will be 
reviewable when the district court enters a final judgment in 
this case, we are bound to conclude that the court lacks 
jurisdiction over this appeal.

 The District agrees with our account of Circuit practice but 
nonetheless argues, along with the plaintiffs, that we should 
revisit the decision of the motions panel and assert jurisdic-
tion. While neither party claims the orders under review 
have the requisite finality, both parties attempt to show they 
will suffer irreparable injury so as to warrant interlocutory 
appeal.

 For its part, the District argues that the orders harm it 
irreparably by frustrating the intent of the Congress that the 
District's liability for attorneys' fees be capped as provided in 
s 130 of the Appropriations Act; by depriving District stu-
dents, insofar as attorneys' fees exceed the caps, of monies 
appropriated for their use; and by diverting funds from their 
intended purpose, in violation of the Appropriations Clause, 
art. I, s 9, cl. 7 of the Constitution of the United States. To 
the extent these arguments take issue with the prior determi-
nation of the motions panel, they are foreclosed. To the 
extent they suggest that the Rule 54(b) certification alters our 
jurisdictional inquiry under s 1291, they are misconceived. 
The cases the District itself cites emphatically confirm this. 
See Estate of Drayton v. Nelson, 53 F.3d 165, 167 (7th Cir. 
1994) ("Rule 54(b) cannot be used to make the award appeal-
able"); People Who Care v. Rockford Bd. of Educ. Dist. No. 
205, 921 F.2d 132, 134 (7th Cir. 1991) ("Rule 54(b) allows the 
entry of judgment only with respect to the final disposition of 
a claim for relief"); Shipes v. Trinity Industries, Inc., 883 

F.2d 339, 342 (5th Cir. 1989) ("Rule 54(b) ... relaxes only the 
'judicial unit' aspect of finality principles and otherwise oper-
ates within the constraints of statutory finality"). The plain-
tiffs' arguments fare no better. The precedents cited above 
utterly refute their central argument, namely, that Rule 54(b) 
certification distinguishes this appeal from those the motions 
panel dismissed.

 Plaintiffs also argue that even if the collateral order doc-
trine does not apply here, "orders compelling the immediate 
transfer of property may be appealable where irreparable 
harm will result." In support of this proposition they cite 
Forgay v. Conrad, 47 U.S. 201 (1848), in which the Supreme 
Court held that an interlocutory appeal may be taken when 
an interim order would immediately transfer a party's proper-
ty; they further point to a more recent dictum of the Seventh 
Circuit to the effect that an interim award of attorneys' fees 
might present a situation like that in Forgay because there 
are "chancy prospects of recoupment at the end." People 
Who Care, 921 F.2d at 135. While we are not at all sure that 
Forgay has continuing vitality apart from the collateral order 
doctrine, it is obvious in any event that plaintiffs' showing 
falls short of the mark this court has established. See 
National Association of Criminal Defense Lawyers, Inc. v. 
U.S. Dept. of Justice, 182 F.3d 981, 985 (1999) (irreparable 
injury can be shown only where the party awarded fees "will 
likely be unable to repay the fees if the award is later 
reduced or overturned"). Plaintiffs say they "cannot guaran-
tee to the Court that [plaintiffs'] counsel will not become 
judgment proof by the time the litigation is concluded." Of 
course, there are precious few guarantees in life and virtually 
none when it comes to financial affairs; merely acknowl-
edging this undeniable possibility, however, falls far short of 
showing it "will likely" come to pass. On plaintiffs' rationale, 
interim awards would be appealable as a matter of course. 
That clearly is not the law of this court, much less of this 
case.

 The plaintiffs advert to the "numerous and complex tax and 
accounting dilemmas" they must confront if this court does 
not promptly and definitively resolve the propriety of the 

attorneys' fees awarded them. The uncertainty surrounding 
their right to attorneys' fees in the amounts awarded does 
indeed create formidable practical difficulties for them, to 
which this court is not unsympathetic. The district court is 
free to consider any proposals counsel may make for easing 
their predicament. These might include placing interim 
awards partially in escrow with the district court until this 
litigation is concluded, but they do not include expanding our 
appellate jurisdiction beyond the final and collateral orders 
that this court is authorized to review.

 III. Conclusion

 For the foregoing reasons we conclude that the court lacks 
jurisdiction over this appeal, which is, therefore,

 Dismissed.