In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1784

People Who Care, et al.,

Plaintiffs-Appellees,

v.

Rockford Board of Education,
School District No. 205,

Defendant-Appellant,

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No 89 C 20168--P. Michael Mahoney, Magistrate Judge.

Submitted April 3, 2001--Decided November 29, 2001

Before Bauer, Posner, and Kanne, Circuit
Judges.

Posner, Circuit Judge.  The defendant, a
school district, in this long-running
school desegregation case (see,
e.g.,People Who Care v. Rockford Board of
Education, 246 F.3d 1073 (7th Cir. 2001),
171 F.3d 1083 (7th Cir. 1999), 153 F.3d
834 (7th Cir. 1998) (per curiam), 90 F.3d
1307 (7th Cir. 1996), 921 F.2d 132 (7th
Cir. 1991)) appeals from an order
awarding the plaintiffs some $800,000 in
fees for services performed by their
lawyers in 1997. The threshold question
is whether we have jurisdiction of this
appeal, which is interlocutory because
the underlying litigation has not yet
concluded. Although an award of
attorneys' fees is appealable separately
from the decision on the merits, Budinich
v. Becton Dickinson & Co., 486 U.S. 196
(1988), this case involves an interim
award of fees, and so is not the final
order in the proceeding to obtain
attorneys' fees. We (and other courts as
well) have held, however, that where the
fees might not be recoverable by the
defendant from the plaintiff if the award
were reversed at the end of the
litigation, so that refusal of an
immediate appeal might inflict
irreparable harm on the defendant, the
award is appealable immediately as a

collateral order. E.g., People Who Care v. Rockford Board of Education, supra, 171 F.3d at 1086; Construction Industry Retirement Fund v. Kasper Trucking, Inc., 10 F.3d 465, 468 (7th Cir. 1993); People Who Care v. Rockford Board of Education, supra, 921 F.3d at 134-35; Richardson v. Penfold, 900 F.2d 116 (7th Cir. 1990); Palmer v. City of Chicago, 806 F.2d 1316 (7th Cir. 1986); Law v. National Collegiate Athletic Ass'n, 134 F.3d 1025, 1027 (10th Cir. 1998); Riverhead Savings Bank v. National Mortgage Equity Corp., 893 F.2d 1109, 1113-15 (9th Cir. 1990); Webster v. Sowders, 846 F.2d 1032, 1035 (6th Cir. 1988); cf. Walker v. HUD, 99 F.3d 761, 766 (5th Cir. 1996). For it is final in the practical sense that it may well be the last opportunity the defendant has to obtain relief from the order from the appellate court. That is the situation here. The defendant contends that the plaintiffs' law firm is small and fragile--and the plaintiffs do not contest the contention, and so we accept it as true and proceed to the merits.

The principal challenge is to an award of almost $90,000 in prejudgment interest on attorneys' fees, that is, interest on the fees before any award is entered. The district court directed that interest would accrue (and be compounded) from the thirtieth day after the services generating a claim for fees were rendered. Bearing in mind that the purpose of a fee award is to reimburse the plaintiff for the cost he would reasonably incur if he purchased legal assistance in the market, Blum v. Stenson, 465 U.S. 886, 894 (1984); In re Synthroid Marketing Litigation, 264 F.3d 712, 718-19 (7th Cir. 2001); Gaskill v. Gordon, 160 F.3d 361, 363 (7th Cir. 1998) ("When a fee is set by a court rather than by contract, the object is to set it at a level that will approximate what the market would set. The judge, in other words, is trying to mimic the market in legal services" (citations omitted)); People Who Care v. Rockford Board of Education, supra, 90 F.3d at 1310, we think the proper approach to the calculation of interest requires consideration of prevailing practices in the legal-services market. This follows from the "market mimicking" approach, orthodox in this circuit, to computing the fee award. The idea is to "estimate

the terms of the contract that private plaintiffs would have negotiated with their lawyers," In re Synthroid Marketing Litigation, supra, 264 F.3d at 718 (emphasis added), and if such a contract, express or implied, would provide for interest, the fee award should include interest, or some equivalent adjustment, as in Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc., 776 F.2d 646, 662-63 (7th Cir. 1985). So if the prevailing practice is that lawyers either are paid on the thirtieth day after rendering their services or charge interest beginning on the thirty-first day, then the district court's order was proper. But not only is there no evidence of this; it obviously is incorrect. Lawyers rarely bill their clients within days of rendering services in an ongoing suit, receive payment within thirty days of that rendition, or charge interest for payment after thirty days. Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 923 (3d Cir. 1985); Reid F. Trautz & Paul McLaughlin, "How to Get Paid," 27-1 Law Practice Management 30, 31 (2001). No doubt if the client refused to pay or delayed unreasonably in paying, the lawyer might decide to charge interest; and if he had to sue to get paid, he would certainly do this, and would thus seek an award of prejudgment interest. But the plaintiffs here are seeking interest as a matter of course rather than as a penalty for bad faith, obduracy, or foot-dragging.

The award of interest was especially unjustifiable because the plaintiffs did not bill the defendant for their 1997 attorneys' fees until 1999. Imagine the response of a client in the market who received a bill more than a year after the rendition of the services covered by it and was told that he owed not only the amount of the bill but compound interest for every month but one since the services were rendered.

The defendant's other challenges to the order do not have sufficient merit to warrant a reversal of any portions of it other than the award of interest. The order is affirmed in part, reversed in part, and remanded.