# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 11, 2013

Lyle W. Cayce
Clerk

No. 12-20726
Summary Calendar

TAASHEANA QUINN, individually and on behalf of her minor child, S.M.,

Plaintiff–Appellant

v.

MAURICE MILLER,

Defendant–Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-02181

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Taasheana Quinn ("Plaintiff") appeals the district court's dismissal of her claim against Defendant–Appellee Maurice Miller ("Defendant") for medical expenses incurred as a result of a car accident. The district court found Plaintiff's claim time-barred under the applicable two-year

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

12-20726

statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.003(a). On appeal, Plaintiff argues that the district court erred in granting the dismissal without requiring formal written notice to Plaintiff or allowing the opportunity for response or discovery. Plaintiff also challenges the district court's order requiring a $4,000 deposit for the appointment of a guardian *ad litem* to pursue a claim on behalf of Plaintiff's minor child, arguing that this was a punitive measure designed to force Plaintiff to abandon the child's claim. Because neither of these rulings constitutes a final judgment or an appealable collateral order, we lack jurisdiction to review their merits and dismiss Plaintiff's appeal.

## I. BACKGROUND

On November 7, 2008, Defendant failed to stop at a stop sign and hit Plaintiff's vehicle, causing property damage and personal injury to Plaintiff and her minor child, S.M. Plaintiff's treatment resulted in $8,800 in medical expenses. Though the child apparently required no actual treatment, her trip to the emergency room cost $8,000. Medicaid paid for these expenses and placed a lien on any recovery Plaintiff might receive from the car accident.

On July 19, 2012, more than two years after the statute of limitations had run, Plaintiff filed her first valid complaint, claiming $750,000 in damages individually and $250,000 in damages on behalf of her minor child. She amended her complaint on July 25, 2012, decreasing the amount of damages claimed and requesting a jury trial. During a court-ordered pretrial conference on October 1, 2012, Defendant orally moved for summary judgment, but filed no written motion. The court then issued a Partial Dismissal Order dismissing Plaintiff's individual claims because the statute of limitations had expired, but allowed the child's claim to proceed. The court also ordered Plaintiff to deposit $4,000 into the court registry as security for payment of a guardian *ad litem*. Plaintiff has timely appealed these orders.

2

12-20726

## II.  DISCUSSION

Plaintiff appeals both the dismissal of her own claim and the order requiring the deposit of $4,000 to secure payment for a guardian *ad litem*.  She does not allege a tolling of the statute of limitations but instead appeals the Partial Dismissal Order on the grounds that the district court erred in dismissing her personal injury claim after only an oral motion for summary judgment and without written notice or the opportunity for discovery or briefing, notwithstanding the fact that the district court did not grant summary judgment but dismissed the claim.

As explained below, this Court lacks jurisdiction to review the district court's orders in accordance with the requirements of Federal Rule of Civil Procedure 54(b) and the collateral order doctrine.

### 1.    Partial Dismissal Order

This Court has jurisdiction to review only final judgments and certain interlocutory orders  of district courts. 28 U.S.C. §§ 1291–1292.  In the absence of certification by the district court that it has expressly determined there is no just reason for delay and has expressly directed entry of judgment, "a partial disposition of a multi-claim or multi-party action is ordinarily not a final appealable order." *Tower v. Moss*, 625 F.2d 1161, 1164–65 (5th Cir. 1980) (explaining an exception to the Rule 54(b) requirement where the district court dismissed plaintiffs' claims against multiple defendants in separate orders, such that all claims were adjudicated (citing 10 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 2653–2660 (2d ed. 1973))); *see* Fed. R. Civ. P. 54(b); *cf.*.  An "order . . . that adjudicates fewer than all the claims . . . of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

3

Exceptions to the requirement of an explicit determination of final judgment have been found where the language of the order or information in the record indicates the district judge's intent to enter a final judgment under Rule 54(b). *See, e.g.*, *Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1219, 1220 (5th Cir. 1990) (en banc) (holding that the language in the order and in the underlying motion sufficiently demonstrated the district judge's intent to enter a partial final judgment under Rule 54(b)). In the absence of an explicit determination of final judgment, the order must indicate an "unmistakable" intent on the part of the district judge that it be a final judgment. *See Briargrove Shopping Ctr. v. Pilgrim Enters., Inc.*, 170 F.3d 536, 539 (5th Cir. 1999); *see also Kelly*, 908 F.2d at 1219 (holding that an order captioned "F.R.C.P. 54(b) JUDGMENT" and including language "that there be a final judgment entered pursuant to Federal Rule of Civil Procedure 54(b)" sufficiently indicated an intent that it be a final judgment).

The order dismissing Plaintiff's individual claim does not meet the requirements for an exception to Rule 54(b). The order does not mention Rule 54(b), state that there is no just reason for delay, or indicate an intent that this be a final and immediately appealable judgment. *See Crostley v. Lamar Cnty.*, No. 12-40288, 2013 U.S. App. LEXIS 10850, at *23–24 (5th Cir. May 29, 2013). Accordingly, there is no evidence of the district judge's "unmistakable" intent that this be a final judgment. *See Briargrove Shopping Ctr.*, 170 F.3d at 539. This lack of evidence, along with our established interest in avoiding piecemeal litigation, supports Defendant's position that this Court lacks jurisdiction to review the district court's decision where one claim, the child's, has yet to be adjudicated. *See Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

## 2.   Order to Deposit

Plaintiff next requests that this Court reverse the Order to Deposit $4,000, arguing that the collateral order doctrine should apply to allow the appeal of this

order notwithstanding the absence of a final judgment. She alleges that the $4,000 security for payment of a guardian *ad litem* is a penalty that forces her to abandon the claim. Defendant claims we lack jurisdiction to review the Order to Deposit under the collateral order doctrine.

There are three conditions to allowing a collateral order appeal: (1) the order must conclusively determine the disputed question; (2) the order must resolve an important issue completely separate from the merits of the action; and (3) the order must be effectively unreviewable on appeal from a final judgment. *Will v. Hallock*, 546 U.S. 345, 349 (2006) (citing *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)). These requirements have been found in limited cases where an order effectively excludes litigants from court or rejects a complete defense such as qualified immunity. *See, e.g.*, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713 (1996); *Ortiz v. Jordan*, 131 S. Ct. 884, 891 (2011) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525–26 (1985)). If delaying review until entry of final judgment would "imperil a substantial public interest" or "some particular value of a high order," then the third condition is met. *Will*, 546 U.S. at 352–53.

A collateral order appeal may also be granted if the central benefits or rights of the claim or defense would otherwise be forfeited. *P.R. Aqueduct & Sewer Auth.*, 506 U.S. at 143–44. For example, when a defendant appeals a denial of a qualified immunity or Eleventh Amendment immunity claim, appeal is granted because otherwise the purpose of the defense—avoiding the costs of subjecting public officials to the risks of discovery and trial—would be undermined. *Id.* Because the right to immunity would be lost were a case erroneously permitted to go to trial, a denial of immunity must be immediately appealable.

In arguing that this Court has jurisdiction, Plaintiff relies on *Cohen v. Benefit Industrial Loan Corporation*, 337 U.S. 541 (1949), in which the Supreme

Court decided that the district court's decision denying the defendant's right to security was appealable as a final disposition of a claimed right which was not an ingredient of the cause of action. *Cohen*, 337 U.S. at 546. There, the plaintiff brought a shareholder derivative action, and the corporation appealed the district court's decision not to apply a state statute requiring the plaintiff to post security to be used for the payment of the defense expenses in the case that the plaintiff's suit was unsuccessful. *Id*. at 543 – 45. The plaintiff had demanded that the corporation initiate proceedings for the recovery of $100,000,000 in assets allegedly diverted due to fraud and mismanagement, but the individual defendants prevented it from doing so by their control of the corporation. *Id*. at 543. As only one of 16,000 stockholders, the plaintiff's holdings, along with those of the intervenor, accounted for approximately 0.0125% of the corporation's stock. *Id*. at 544. The effect of the statute in question was "to make a plaintiff having so small an interest liable for the reasonable expenses and attorney's fees of the defense if he fail[ed] to make good his complaint and to entitle the corporation to indemnity before the case [could] be prosecuted." *Id*. at 544 – 45. Because the district court's decision not to enforce the statute requiring security effectively determined the defendant's right to indemnification, which would otherwise be lost, the Supreme Court held that it was final and appealable. *Id*. at 545–46.

The Supreme Court, however, made clear that its decision did not alter the disallowance of appeals from tentative, informal, or incomplete decisions under 28 U.S.C. § 1291, nor did it allow appeal from a matter that remains open or inconclusive. *Id*. at 546. Even a decision that is "fully consummated" is not appealable if it is but a step towards a final judgment with which it will merge. *Id*. The Supreme Court allowed the appeal in *Cohen* because once there was a final judgment, it would be too late to review the present order and the rights conferred by the statute would be lost. *Id*. Significantly, it noted that not all

orders fixing security are subject to appeal.  *Id.* at 547.

Here, the Order to Deposit a security payment is not such a decision that effectively deprives the Plaintiff of a right, because whether she chooses to pay the deposit or not, the right to pursue the claim will not be lost.  Unlike the facts in *Cohen*, where, had the security payment requirement not been enforced, the defendant likely would have lost the right to attorney's fees and expenses and been unable to appeal once a final judgment had been entered, here, the minor's claim will not be lost as a result of failing to pay the security deposit for the appointment of a guardian *ad litem*.  While the child is under eighteen years of age, the statute of limitations is tolled. Tex. Civ. Prac. & Rem. Code § 16.001.  Once she turns eighteen, she will have two years to bring this claim without the need for a guardian *ad litem* or the $4,000 security deposit.  Additionally, if Plaintiff chooses not to deposit the money, both claims will most likely be dismissed by a final judgment, at which point they will become appealable.

If instead Plaintiff chooses to pay the $4,000 security deposit, she will be able to appeal the issue of the Order to Deposit along with the merits of the case once the district court has entered a final judgment on the merits of the minor child's claim.  An interim fee award due that does not constitute an appealable order is subject to review following the rendering of a final judgment.  *See Shipes v. Trinity Indus.*, 883 F.2d 339, 344 (5th Cir. 1989); *Ruiz v. Estelle*, 609 F.2d 118, 119 (5th Cir. 1980) (holding that an order for attorney's fees was subject to later reconsideration by the court and thus not immediately appealable).  Either way, Plaintiff maintains the right to appeal both the merits of the claims and the question of whether the security deposit requirement was a punitive measure.

### III.  CONCLUSION

The Partial Dismissal Order did not adjudicate all claims in this multi-claim suit, and is therefore not a final order from which an appeal may be granted.  Because the Order to Deposit does not deprive Plaintiff of the

12-20726

remaining claim, and because delaying review until a final judgment will not "imperil a substantial public interest" or any "particular value of a higher order," as set out in *Will,* this Court lacks jurisdiction to review this appeal.  546 U.S. at 473.  We therefore DISMISS the appeal for want of jurisdiction.